UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated, ) | No. 1:08-cv-00236 |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| vs. ) | |
| ) | |
| THE DANNON COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

AMENDED STIPULATION OF SETTLEMENT

This Amended Stipulation of Settlement is made and entered into by and among Plaintiff James Gemelas, on behalf of himself and each of the Settlement Class Members and their Class Counsel authorized to settle this Litigation on their behalf, and Defendant The Dannon Company, Inc. ("Defendant" or "Dannon"), and its counsel of record in this Litigation. This Amended Stipulation of Settlement supersedes the Stipulation of Settlement filed with the Court on September 18, 2009.

I.    **RECITALS**

A.    On January 29, 2008, Plaintiff James Gemelas initiated this Litigation against Defendant in the United States District Court for the Northern District of Ohio, Eastern Division. Plaintiff alleged that statements Defendant made in its marketing and advertising materials about the purported health benefits of Activia, Activia Light, DanActive, and DanActive Light were false, misleading or otherwise deceptive. A number of other similar actions were filed in various United States District Courts between January 2008 and January 2009.[1]

B.    On January 23, 2009, the Settling Parties executed a Memorandum of Understanding ("MOU") memorializing an agreement to resolve this Litigation on behalf of Settlement Class Members.

C.    Prior to execution of the MOU, the Settling Parties engaged in intensive discovery, including the production and review of approximately one million pages of documents from Defendant and third parties, and extensive work with expert witnesses and consultants. The Settling Parties also engaged in three full-day mediation sessions conducted by United States District Court

---

[1]    These cases are: *Bednarz v. The Dannon Company, Inc.*, No. 09-cv-00077 (D. Conn. Jan. 20, 2009); *Horne, et al. v. The Dannon Company, Inc.*, No. 09-CV-0011 (E.D. Ark. Jan. 9, 2009); *Knafla v. The Dannon Company, Inc.*, No. 08-cv-04940 (D. Minn. Aug. 15, 2008); *Park, et al. v. The Dannon Company, Inc.*, No. 08-81147-CIV (S.D. Fla. Oct. 8, 2008); *Wegrzyniak v. The Dannon Company, Inc.*, No. 08-cv-05992 (D.N.J. Dec. 8, 2008); *Wiener v. The Dannon Company, Inc.*, No. CV08-00415 (C.D. Cal. Jan. 23, 2008).

Judge Dickran Tevrizian (Ret.). Beginning in September 2009, the Settling Parties engaged in settlement conferences with United States District Court Judge Dan Aaron Polster. As a result of these mediation sessions, settlement conferences, and settlement discussions, the Settling Parties have agreed to settle all of the claims asserted, or which could have been asserted in the Dannon Lawsuits.

D.      This Stipulation constitutes the resolution of disputed claims and is for settlement purposes only. Defendant has denied and continues to deny any and all allegations of wrongdoing alleged in the Dannon Lawsuits or the Litigation. Nonetheless, Defendant has concluded that continued litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience, and uncertainty.

II.     **DEFINITIONS**

A.      As used in this Stipulation the following capitalized terms have the meanings specified below:

(1)      "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to this Stipulation that will accompany the Class Notice and will be available online at the Settlement Website, substantially in the form of Exhibit A and discussed in §V of this Stipulation.

(2)      "Claimant" means a Settlement Class Member who submits a claim for payment as described in §IV of this Stipulation.

(3)      "Claims Administration Protocols" means the protocols set forth in the Claim Administration Protocols, attached as Exhibit B.

- 2 -

(4)    "Class" means all persons who purchased in the United States the Products at any time up to the date notice is provided to the Class. Excluded from the Class are Defendant's officers, directors and employees and those who purchased the Products for the purpose of resale.

(5)    "Class Action Settlement Administrator" means the company or companies jointly selected by a designee of Class Counsel and Defendant's Counsel and approved by the Court to provide Class Notice and to administer the claims process.

(6)    "Class Notice" means, collectively, the "Notice of Class Action Settlement" and the "Publication Notice," substantially in the forms of Exhibit C and Exhibit D, respectively, and discussed in §V of this Stipulation.

(7)    "Court" means the United States District Court for the Northern District of Ohio, Eastern Division

(8)    "Dannon Lawsuits" means and refers to the following cases: *Bednarz v. The Dannon Company, Inc.*, No. 09cv77 (D. Conn. Jan. 20, 2009); *Gemelas v. The Dannon Company, Inc.*, No. 08-CV-00236 (N.D. Ohio Jan. 29, 2008); *Horne, et al. v. The Dannon Company, Inc.*, No. 09-CV-0011 (E.D. Ark. Jan. 9, 2009); *Knafla v. The Dannon Company, Inc.*, No. 08-CV-04940 (D. Minn. Aug. 15, 2008); *Park, et al. v. The Dannon Company, Inc.*, No. 08-81147-CIV (S.D. Fla. Oct. 8, 2008); *Wegrzyniak v. The Dannon Company, Inc.*, No. 08-cv-05992 (D.N.J. Dec. 8, 2008); *Wiener v. The Dannon Company, Inc.*, No. CV08-00415 (C.D. Cal. Jan. 23, 2008).

(9)    "Defendant" means The Dannon Company, Inc.

(10)    "Defendant's Counsel" means the following individuals:

> Bruce A. Friedman
> BINGHAM MCCUTCHEN LLP
> Fourth Floor, North Tower
> 1620 26th Street
> Santa Monica, CA  90404-4060

- 3 -

A/73264775.2

Angel A. Garganta
Trenton H. Norris
Beth H. Parker
ARNOLD & PORTER LLP
275 Battery Street, Suite 2700
San Francisco, CA  94111-3823

Michael N. Ungar
David D. Yeagley
ULMER & BERNE - CLEVELAND
1100 Skylight Office Tower
1660 West Second Street
Cleveland, Ohio  44113

(11)    "Effective Date" means the date on which all of the conditions of settlement

have been satisfied, as discussed in §IX of this Stipulation.

(12)    "Judgment" means the "Judgment, Final Order and Decree" to be entered by

the Court, substantially in the form attached as Exhibit E.

(13)    "Class Counsel" means the following Plaintiffs' Counsel who, on behalf of

any and all Settlement Class Members who have not been properly excluded from the Class, shall

have the authority on behalf of the Class to execute all necessary documentation relating to the

Settlement Class, the Stipulation and all necessary effectuating documentation:

Timothy G. Blood
Blood Hurst & O'Reardon LLP
600 B Street, Suite 1550
San Diego, California  92101

Frank E. Piscitelli, Jr.
Piscitelli Law Firm
55 Public Square, Suite 1950
Cleveland, Ohio 44113

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113

A/73264775.2

Jonathan M. Stein
Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432

Jayne A. Goldstein
Shepherd Finkelman Miller & Shah, LLP
1640 Town Center Circle, Suite 216
Weston, FL 33326

(14)     "Litigation" means *Gemelas v. The Dannon Company, Inc.*, No. 08-CV-236

(N.D. Ohio).

(15)     "Party" or "Parties" means the Plaintiff and Defendant in this Litigation.

(16)     "Person" means a natural person, individual, corporation, partnership, association, or any other type of legal entity.

(17)     "Plaintiff" means and includes the Court-appointed class representative, James Gemelas.

(18)     "Plaintiffs' Counsel" means the attorneys of record for plaintiffs in any of the Dannon Lawsuits, including those designated pursuant to this Stipulation as Class Counsel.

(19)     "Preliminary Approval Order" means the "Order re Preliminary Approval of Class Action Settlement," substantially in the form of Exhibit F hereto, preliminarily approving this Stipulation, providing for notification to the Settlement Class and seeking the scheduling of the Settlement Hearing.

(20)     "Products" means the food products marketed and distributed by Defendant under the brand names of Activia® or DanActive®, including any variations, formats or line extensions thereof.

(21)     "Released Claims" means, with the exception of claims for personal injury, any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees,

- 5 -

known or unknown, suspected or unsuspected, in law or equity arising out of or relating to the manufacturing, advertising, marketing, packaging, promotion, sale and distribution of the Products from the beginning of the world to the Effective Date of the Settlement, which have been asserted or which could reasonably have been asserted by the Class in the Dannon Lawsuits.

(22)     "Released Persons" means and includes Defendant and its direct and indirect corporate parent, subsidiaries and affiliates, as well as its distributors, wholesalers, retailers, customers and licensors, including the officers, directors, employees, shareholders, agents, insurers, spokespersons, public relations firms, advertising and production agencies and assigns of all such persons or entities.

(23)     "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Class who has not been properly excluded from the Class.

(24)     "Settlement Class Period" means the first day any of the Products were available for retail purchase in the United States up to and including the date Class Notice is provided to the Settlement Class Members.

(25)     "Settlement Fund" means the $35,000,000.00 common fund discussed in §IV.A.(2) of this Stipulation.

(26)     "Settlement Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Stipulation should be entered.

(27)     "Settlement Website" means the website to be created for this settlement that will include information about the Dannon Lawsuits and the settlement, relevant documents and electronic and printable forms relating to the settlement, including the Claim Form. The Settlement Website shall be activated no later than 60 days before the Settlement Hearing and shall remain

- 6 -

active until 101 days after the Court enters the Judgment. A link to the Settlement Website shall also be available on the websites Defendant maintains for United States consumers of the Products during the same time period.

(28)    "Settling Parties" means, collectively, Plaintiff, on behalf of himself and each of the Settlement Class Members, and Defendant.

(29)    "Stipulation" means this Amended Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Plaintiff, all Class Counsel, Defendant and counsel for Defendant.

(30)    "Supplemental Net Settlement Fund" means the common fund of up to $10,000,000 discussed in §IV.A.(4)(a) of this Stipulation.

B.    Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

Defendant hereby consents, solely for purposes of the settlement set forth herein, to the certification of the Class, to the appointment of Class Counsel, and to the conditional approval of Plaintiff as a suitable representative of the Class; provided, however, that if this Stipulation fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in §IX of this Stipulation, then Defendant retains all rights it had immediately preceding the execution of this Stipulation to object to the maintenance of this Litigation as a class action by Class Counsel, and in that event, nothing in this Stipulation or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, whether the purported class is ascertainable, or whether Class Counsel or the Plaintiff can adequately represent the Settlement Class Members under applicable law.

- 7 -

A/73264775.2

IV.     **SETTLEMENT RELIEF**

The settlement relief includes cash payments and non-monetary relief.

A.     **Cash Payments**

(1)     **Class Members' Cash Recovery**

A Class Member is entitled to obtain up to the amount of money he or she paid for Product during the Settlement Class Period. Those Class Members who submit valid and timely Claim Forms may recover up to $15 by submitting a Claim Form either by mail or electronically. Claimants may recover more than $15 and up to $30 by submitting a Claim Form and affirming the amount of Product purchased. Claimants may seek more than $30 and up to $100 by submitting a Claim Form signed under penalty of perjury and providing a register receipt or other sufficient proof of purchase for the amount of Product for which payment is sought. The actual amount paid to individual Claimants will depend upon the number of valid claims made. For each claim made for a subject purchase or purchases, the Claimant must include in the claim to the extent reasonable, among other things, the number and type of Products purchased, the approximate amount paid for each Product, the approximate date(s) of purchase(s), and the name of the retailer from whom purchased. Adequate and customary procedures and standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

(2)     **Settlement Fund**

In accordance with the payment schedule set forth in §IV.A.(6), below, Defendant shall pay up to $35 million in trust to a third party institution (the "Fund Institution") to be selected by Defendant and approved by a designee of Class Counsel to establish an interest bearing fund for payments made pursuant to this section.

The Settlement Fund shall be applied as follows:

- 8 -

(a)     To reimburse or pay all of the costs and expenses reasonably and actually incurred by the Settlement Class Administrator and in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to authorized Claimants, processing Claim Forms and paying escrow fees and costs, if any;

(b)     To pay any necessary taxes and tax expenses;

(c)     To pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon in the amount awarded by the Court (the "Fee and Expense Award") and pursuant to §VIII; and

(d)     To distribute the balance of the Settlement Fund (the "Net Settlement Fund") to authorized Claimants and any others as allowed by this agreement, the Claims Administration Protocols or the Court.

(e)     The amounts Defendant pays under (a) – (d) shall be the sum total of payments from the Settlement Fund ("Defendant Payments").

(3)     **Settlement Fund: Excess Funds**

(a)     If the total amount of Defendant Payments is less than $35,000,000, then Defendant shall donate Products having a total value equal to the difference between the amount of the Defendant Payments pursuant to §§IV.A.(2)(a) through (d), above, and $35,000,000 ("Product Donations") pursuant to the cy pres doctrine in the form of Products to be distributed to one or more charities that help feed the poor in the United States to be jointly chosen by the Settling Parties and approved by the Court. The Products shall be in good, saleable condition and not out of code or past their sale expiration dates at the time they are distributed.

- 9 -

(4)     **Settlement Fund: Insufficient Funds**

**(a)**     If the total amount of eligible claims exceeds the Net Settlement Fund, then Dannon shall supplement the Net Settlement Fund by the amount necessary to pay all eligible claims, up to a maximum of $10 million of additional payment (the "Supplemental Net Settlement Fund") into the Net Settlement Fund. This amount shall be deposited in trust to the Fund Institution in accordance with the payment schedule set forth in §IV.A(6).

**(b)**     If the total amount of eligible claims exceeds the Net Settlement Fund plus the maximum amount of the Supplemental Net Settlement Fund, then each claim shall be proportionately reduced.

**(c)**     Except as provided in this §IV.A.(4)(a), the Settling Parties agree that the payments made from the Settlement Fund will not exceed $35,000,000, including, if applicable, the value of Product Donations.

(5)     **Delivery of Payments to Settlement Class Members**

**(a)**     Payment will be made directly to the Settlement Class Member by first class mail after such Settlement Class Member submits the Claim Form and the claim is accepted for payment pursuant to the terms of this Stipulation, including the Claims Administration Protocols.

**(b)**     Failure to provide all information requested in the Claim Form will not result in nonpayment of the claim. Instead, the Class Action Settlement Administrator will take all adequate and customary steps to determine the Settlement Class Member's eligibility for payment and the amount of payment based on the information contained in the Claim Form, and such other reasonably available information from which eligibility for payment can be determined.

**(c)**     The Class Action Settlement Administrator shall review all electronic and paper records to determine a Settlement Class Member's eligibility for payment.

(i)     Claim Form Availability. The Claim Form will be part of the Publication Notice and will be available for downloading and may be completed and submitted online at the Settlement Website, and the Claim Form will be available for downloading on Class Counsel's websites and, at their option, on the websites of any of Plaintiffs' Counsel. The Claim Form may also be requested by calling the toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

(ii)    Eligibility for Cash Payment. To be eligible for a cash payment, the Settlement Class Member must provide his or her name and mailing address.

(iii)   If the Settlement Class Member seeks more than $15, the Settlement Class Member must also sign the following: "I affirm that I purchased an Activia and/or DanActive product in the United States before [the Effective Date]."

(iv)    If the Settlement Class Member seeks more than $30, proof of purchase for the amount sought will also be required.

(v)     To be eligible, Claim Forms must be postmarked or submitted online no later than 100 days after the date the Court enters the Judgment ("Claim-In Period").

(d)     Timing of Payments. The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members or, as applicable, a letter explaining the rejection of the claim and the appeal of eligibility process, within 30 days of the Effective Date or 30 days from the close of the Claim-In Period, whichever is later.

(e)     Appeal of Eligibility. Any Claimant who believes his or her claim was improperly rejected may appeal the rejection by sending written notice of his or her appeal to the designated Class Action Settlement Administrator. The Class Action Settlement Administrator shall decide the appeal. The decision of the Class Action Settlement Administrator shall be final.

- 11 -

### (6)    Schedule of Payments Into the Settlement Fund

Subject to §IV.A.(3)(a) and (4)(a) above, Defendant shall make payments into the Settlement Fund in accordance with the following schedule:

(a)    An amount equal to the cost of publishing the Publication Notice, to be paid when such amount becomes due and owing. Upon agreement of the Parties, additional amounts equal to costs incurred by the Class Action Settlement Administrator may be paid into the Settlement Fund when such costs become due and owing. In the event such additional amounts are paid, the amount of the payment(s) made pursuant to §IV.A.(6)(b) shall be reduced by an amount equal to such additional payment(s);

(b)    $15 million, to be paid into the Settlement Fund within 15 days of the entry of Judgment by the Court;

(c)    up to $20 million, plus, if applicable, all amounts owed to the Supplemental Net Settlement Fund pursuant to §IV.A.(4)(a), to be paid into the Settlement Fund within 125 days from the date of entry of Judgment by the Court or 25 days from the Effective Date, whichever is later.

### B.    Injunctive Relief

Defendant agrees to make the following changes to its advertising and labeling, beginning within 120 days after the Effective Date, and for a period of three years from the Effective Date:

### (1)    Activia® branded products:

(a)    Remove the words "clinically proven" and/or "scientifically proven" from the product labeling and packaging and commercials and advertisements of its Activia® branded products; and substitute such language with the phrases "there are a number of clinical studies that show" or "clinical studies show", or similar communication that reasonably conveys the same meaning.

- 12 -

(b)  Qualify the claim that Activia® branded products "helps regulate the digestive system" with the explanatory statement that the product "helps with slow intestinal transit when eaten daily for two weeks, as part of a balanced diet and healthy lifestyle," or similar communication that reasonably conveys the same meaning. On the product, this qualifier shall be made on the external back of the product label, packaging over-wrap, or a similarly prominent location. In television commercials, on point of purchase displays, on websites, in medical marketing materials and in print advertising, this qualifier shall be prominently displayed in the super (to the extent applicable and subject to reasonable space limitations).

(c)  Add on the frequently asked questions page of its Activia® website and on the inside of product packaging over-wrap (if any) the following statement, or words to the same or similar effect: "Activia® [or e.g. Activia® Light] is a food product and not a treatment or cure for any medical disorder or disease. If you have any concerns about your digestive system, you should consult a healthcare professional."

(d)  Place the correct genus, species and strain designation for *Bifidus Regularis®* ("*Bifidobacterium lactis* DN 173-010") in close proximity to the Food and Drug Administration required nutritional label and ingredient list for Activia® branded products.

(e)  Place the correct genus, species and strain designation ("*Bifidobacterium lactis* DN 173-010"), when referring to the probiotic strain on the inside packaging or similarly prominent location at least the first time *Bifidus* Regularis® is mentioned on the inside packaging or similarly prominent location of Activia® branded products.

(2)  **DanActive® branded products:**

(a)  Remove the word "IMMUNITY" from the product labeling, packaging, commercials and advertisements of its DanActive® branded products.

- 13 -

**(b)**     Remove the words "clinically proven" and/or "scientifically proven" from the product labeling and packaging and commercials and advertisements of its DanActive® branded products; and substitute such language with the phrases "there are a number of clinical studies that show" or "clinical studies show", or similar communication that reasonably conveys the same meaning.

**(c)**     Qualify the claims that DanActive "helps strengthen your body's defenses" and/or "helps support the immune system" with the explanatory statement "when eaten regularly as part of a balanced diet and healthy lifestyle", or similar communication that reasonably conveys the same meaning.  On the product, this qualifier shall be made on the external back of the product label, packaging over-wrap, or a similarly prominent location.  In television commercials, on point of purchase displays, on websites, in medical marketing materials and in print advertising, this qualifier shall be prominently displayed in the super (to the extent applicable and subject to reasonable space limitations).

**(d)**     Add on the frequently asked questions page of its DanActive® website and on the inside of product packaging over-wrap (if any) the following statement, or words to the same or similar effect: "DanActive® [or e.g. DanActive® Light] is a food product and not a treatment or cure for any medical disorder or disease.  If you have any concerns related to your health or diet, you should consult a healthcare professional."

**(e)**     Place the correct genus, species and strain designation for *L. casei Immunitas*® ("*Lactobacillus casei* DN 114-001") in close proximity to the Food and Drug Administration required nutritional label and ingredient list for DanActive® branded products.

**(f)**     Place the correct genus, species and strain designation ("*Lactobacillus casei* DN 114-001"), when referring to the probiotic strain on the inside packaging or similarly

- 14 -

prominent location at least the first time *L. Casei* Immunitas® is mentioned on the inside packaging or similarly prominent location of DanActive® branded products.

> (3) **Additional Provisions Relating to Injunctive Relief:**

> **(a)** No term or provision of this Agreement shall be in effect or otherwise enforceable against Defendant if such term or provision is in conflict or inconsistent with a Consent Order, judicial decree, Closing Letter or other memorialized understanding between Defendant and the Federal Trade Commission (FTC) relating to the advertising or promotion of the Products, it being understood by the Parties that in such conflicting circumstances the equitable relief obtained by the FTC shall govern and Defendant shall be required to comply therewith. In the event the parties dispute whether there is such a conflict or inconsistency, such dispute shall be resolved by the Court upon application by either party.

> **(b)** Nothing in this Agreement will prohibit claims about the Products if, at the time they are made, the representations are true and non-misleading and, as appropriate, are supported by competent and reliable scientific evidence that substantiates the representations.

> **(c)** Nothing in this Agreement will prohibit Defendant from making any representation in the labeling of the Products that is specifically permitted by applicable law, regulations, or policies promulgated by the Food and Drug Administration.

> **(d)** Defendant may continue or adopt any claim that qualifies as a permissible "structure or function claim" as allowed/regulated by the Food and Drug Administration that is not otherwise inconsistent with the settlement terms set forth in this Agreement.

> **(e)** Nothing in this Agreement shall prohibit Defendant from communicating the results of one or more clinical studies on the Products provided the results are presented in a truthful and non-misleading fashion.

- 15 -

**(f)** Defendant shall be bound by any labeling laws or regulations that restrict or expand the scope of claims for which the Products are eligible, and any laws or regulations that have a bearing on the labeling or advertising of the Products shall supersede any terms of this Agreement to the extent they are inconsistent with the terms of this Agreement.

## V. NOTICE TO THE CLASS, COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS AND REDEMPTION OF SETTLEMENT RELIEF

### A. Class Notice

The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court. The Class Notice shall set forth the following information:

(1) General Terms. The Class Notice shall:

**(a)** inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

**(b)** contain a short, plain statement of the background of the Litigation, the Class certification and the proposed settlement;

**(c)** describe the proposed settlement relief outlined in this Stipulation;

**(d)** explain that the impact of the proposed settlement on any existing litigation, arbitration or other proceeding; and

**(e)** state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

(2) Notice of Exclusion and Objection Rights. The Class Notice shall inform Settlement Class Members:

- 16 -

(a) that they may exclude themselves from the Class by submitting a written exclusion request postmarked no later than 30 days before the date of the Settlement Hearing;

(b) that any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed settlement by filing and serving a written statement of objections along with proof of membership in the Class no later than 30 days before the Settlement Hearing;

(c) that any Settlement Class Member who has filed and served written objections to the proposed settlement may, if he or she so requests, enter an appearance at the Settlement Hearing either personally or through counsel;

(d) that any Judgment entered in the Litigation, whether favorable or unfavorable to the Class, shall include, and be binding on, all Settlement Class Members who have not been excluded from the Class, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant; and

(e) of the terms of the release.

(3) No later than 60 days before the Settlement Hearing, the Class Notice shall be posted on the website of Class Counsel and the Settlement Websites. The Class Notice shall also be sent via electronic mail or regular mail to those Class Members who so request. The Class Notice shall remain available by these means until 101 days after the Court enters the Judgment.

**B.    Publication Notice**

No later than 60 days before the Settlement Hearing, the Class Action Settlement Administrator will cause to be published in accordance with the media plan, attached as Exhibit G, the Publication Notice, a copy of which is attached as Exhibit D. The Publication Notice shall also

- 17 -

be posted on the Settlement Website, on Class Counsel's websites, and on the websites of other Plaintiffs' Counsel, at their option, until 101 days after the Court enters the Judgment.

**C.     Retention of Class Action Settlement Administrator**

A designated member of Class Counsel on behalf of the Class and Defendant's Counsel shall jointly retain one or more Class Action Settlement Administrators (including subcontractors) to help implement the terms of the proposed Stipulation.

(1)     The Class Action Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or other distribution of the Class Notice and Claim Forms to Settlement Class Members, (b) arranging for publication of the Publication Notice, (c) handling returned mail not delivered to Settlement Class Members, (d) attempting to obtain updated address information for Settlement Class Members and for any Class Notice Packages returned without a forwarding address or an expired forwarding address, (e) making any additional mailings required under the terms of this Stipulation, (f) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (h) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (i) receiving and processing claims and distributing payments to Settlement Class Members, and (j) otherwise assisting with administration of the Stipulation.  The cost of the Class Action Settlement Administrator will be paid from the Settlement Fund.

(2)     The contract with the Class Action Settlement Administrator shall obligate the Class Action Settlement Administrator to abide by the following performance standards:

- 18 -

**(a)**    The Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Stipulation in communications with Settlement Class Members;

**(b)**    The Class Action Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendant and/or Defendant's Counsel.

## VI.    APPROVAL PROCEDURES AND RELATED PROVISIONS

### A.    Preliminary Approval and Settlement Hearing

Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to the Court and shall jointly apply for entry of a Preliminary Approval Order preliminarily approving this Stipulation, providing for mailing of the Class Notice, and scheduling a Settlement Hearing.

### B.    Requests for Exclusion

**(1)**    Any potential Settlement Class Member who wishes to be excluded from the Class must mail or deliver a written request for exclusion to the Clerk of the Court, care of the address provided in the Class Notice, postmarked or delivered no later than 30 days before the Settlement Hearing, or as the Court otherwise may direct. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the requested is a member of the Settlement Class. A list reflecting all requests for exclusion shall be filed with the Court by Defendant at or before the Settlement Hearing.

**(2)**    Any potential Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding §VI.B.(1) shall be bound by all subsequent proceedings, orders and the Judgment in this Litigation relating to this Stipulation, even if he or she

- 19 -

has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the Released Claims.

(3)     Notwithstanding anything else in this Stipulation, Defendant may, in its sole discretion, unilaterally withdraw from and terminate this Stipulation no later than 15 days prior to the Settlement Hearing if those Persons who elect to exclude themselves from the Class number more than 5,000.

## VII.    RELEASES

As of the Effective Date, plaintiffs and each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class pursuant to §VI.B. of this Stipulation shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. In connection with the Released Claims, each Settlement Class Member shall be deemed as of the Effective Date to have waived any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code §1542, which reads as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

As of the Effective Date, each Settlement Class Member shall be deemed to have expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or noncontingent claim with respect to the Released Claims defined herein, whether or not concealed or hidden, without regard to subsequent discovery or existence of different or additional facts.

A/73264775.2

## VIII. PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

**A.**     On behalf of Plaintiffs' Counsel, Class Counsel agrees to make, and Defendant agrees not to oppose, an application for the award of attorneys' fees in the Litigation not to exceed a total of $10,000,000. Defendant further agrees not to oppose an application for the award of reasonable, actual out-of-pocket expenses. Such fees will be paid from the Settlement Fund on the Effective Date.

**B.**     In the event a dispute arises among Class Counsel over the allocation and distribution of Plaintiff Counsels' attorney fees and/or expenses, Class Counsel agree to submit any disagreement to mediation before the Honorable United States District Court Judge Dickran Tevrizian (Ret.).

**C.**     Class Counsel shall apply to the Court for class representative incentive awards to be paid out of the Settlement Fund. Defendant agrees not to oppose an application for such class representative incentive awards not to exceed $7,500.00 for Plaintiff or any plaintiff who has been deposed in one of the Dannon Lawsuits, and not to exceed $1,000.00 for any plaintiff who has not been deposed in any of the Dannon Lawsuits.

## IX. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

**A.**     The Effective Date of this Stipulation shall be the first date after which all of the following events and conditions have been met or have occurred:

> **(1)**     The Court has preliminarily approved this Stipulation;

> **(2)**     The Court has entered the Judgment; and

> **(3)**     Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred: (i) in the event there is a properly and timely filed objection to entry of the Final Judgment and Order, the expiration (without the filing or noticing of an appeal)

- 21 -

of the time to appeal from the Final Judgment and Order; (ii) the final dismissal of an appeal from the Final Judgment and Order; (iii) affirmance on appeal of the Final Judgment and Order in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment and Order, the time to petition for a writ of certiorari with respect to such ruling or decision has expired; or (v) if a petition for a writ of certiorari with respect to the Final Judgment and Order is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment and Order in substantial form.

      **B.**     If all of the conditions specified in §IX.A of this Stipulation are not met, then this Stipulation shall be canceled and terminated unless Class Counsel and Defendant mutually agree in writing to proceed with this Stipulation.

      **C.**     In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Dannon Lawsuits, including with regard to any agreements concerning tolling and similar agreements, and this entire Stipulation shall become null and void.  Further, Defendant shall be responsible for all administrative and notice costs and expenses, including the costs of notifying the Class and any claims administration costs.

## X.   AGREED JOINT MEDIA STATEMENT AND PRESS RELEASE

      The Settling Parties have issued the Joint Media Statement attached as Exhibit H, and, therefore, no new Media Statement will be issued. The Settling Parties or any of Plaintiffs' Counsel may post an announcement about the settlement on their websites. Any such announcement shall be substantially consistent with Exhibit H. None of the Settling Parties or their counsel shall issue a press release or make statements to the press regarding this Amended Stipulation of Settlement inconsistent with Exhibit H without the prior agreement of all Settling Parties and their counsel.

- 22 -

## XI.    MISCELLANEOUS PROVISIONS

A.    The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

B.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

C.    This Stipulation contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them. Except for §I, all terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties. The terms of this Stipulation are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class Member.

D.    Whenever this Stipulation requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile and/or next day (excluding Sunday) express delivery service as follows:

(1)    If to plaintiffs, then to:

> Timothy G. Blood
> Blood Hurst & O'Reardon LLP
> 600 B Street, Suite 1550
> San Diego, CA  92101
>
> Jonathan M. Stein
> Coughlin Stoia Geller Rudman & Robbins LLP
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, Florida  33432

- 23 -

A/73264775.2

(2)     If to Defendant, then to:

> Bruce A. Friedman
> BINGHAM MCCUTCHEN LLP
> Fourth Floor, North Tower
> 1620 26th Street
> Santa Monica, CA 90404-4060
>
> Angel A. Garganta
> Trenton H. Norris
> Beth H. Parker
> ARNOLD & PORTER LLP
> 275 Battery Street, Suite 2700
> San Francisco, CA 94111-3823
>
> Michael N. Ungar
> David D. Yeagley
> ULMER & BERNE - CLEVELAND
> 1100 Skylight Office Tower
> 1660 West Second Street
> Cleveland, Ohio 44113

**E.**     All time periods set forth herein shall be computed in business days if seven days or less and calendar days if eight days or more unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

**F.**     The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

**G.**     This Stipulation may be amended or modified only by a written instrument signed by a designee of Class Counsel and any of Defendant's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**H.**     The exhibits to this Stipulation are an integral part of the Settlement and are hereby incorporated and made a part of this Stipulation.

**I.**     Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant, or of the propriety of Plaintiffs' Counsel maintaining any of the Dannon Lawsuits as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal, except that Defendant may file this Stipulation or the Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**J.**     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

- 25 -

K.    This Stipulation shall be deemed to have been executed upon the last date of execution by all of the undersigned.

L.    This Stipulation may be executed in counterparts, each of which shall constitute an original.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed by their duly authorized representatives.

DATED: January __, 2010

_____
JAMES GEMELAS

DATED: January __, 2010

THE DANNON COMPANY, INC.

By: _____
Title: _____

DATED: January __, 2010

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

_____
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
leshurst@bholaw.com
toreardon@bholaw.com

- 26 -

K.    This Stipulation shall be deemed to have been executed upon the last date of execution by all of the undersigned.

L.    This Stipulation may be executed in counterparts, each of which shall constitute an original.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed by their duly authorized representatives.


DATED: January ___, 2010


_____
JAMES GEMELAS


DATED: January 29 2010                   THE DANNON COMPANY, INC.

By: _____

Title: Vice President of General Counsel


DATED: January ___, 2010                   BLOOD HURST & O'REARDON LLP
                                                              TIMOTHY G. BLOOD
                                                              LESLIE E. HURST
                                                              THOMAS J. O'REARDON II


_____
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
leslieh@bholaw.com
toreardon@bholaw.com


- 26 -

A/73264775.2

K.    This Stipulation shall be deemed to have been executed upon the last date of execution by all of the undersigned.

L.    This Stipulation may be executed in counterparts, each of which shall constitute an original.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed by their duly authorized representatives.

DATED: January ___, 2010

_____
JAMES GEMELAS

DATED: January ___, 2010

THE DANNON COMPANY, INC.

By: _____
Title: _____

DATED: January 20 2010

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

_____
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
leslieh@bholaw.com
toreardon@bholaw.com

- 26 -

DATED: January 12, 2010

CLIMACO, LEFKOWITZ, PECA, WILCOX
& GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER

_____
JOHN R. CLIMACO

55 Public Square, Suite 1950
Cleveland, OH  44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
sdsimp@climacolaw.com
dmcupp@climacolaw.com
pgwarn@climacolaw.com

DATED: January ___, 2010

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.

_____
FRANK E. PISCITELLI, JR.

55 Public Square, Suite 1950
Cleveland, OH  44113
Telephone: 216/931-7000
216/931-9925 (fax)
frank@piscitellilaw.com

DATED: January ___, 2010

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
JONATHAN M. STEIN
CULLIN A. O'BRIEN

_____
JONATHAN M. STEIN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)
jstein@csgrr.com
cobrien@csgrr.com

- 27 -

A/732264775.2

DATED: January ___, 2010

CLIMACO, LEFKOWITZ, PECA, WILCOX
& GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER

_____
JOHN R. CLIMACO

55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
sdsimp@climacolaw.com
dmcupp@climacolaw.com
pgwarn@climacolaw.com

DATED: January 20, 2010

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.

_____
FRANK E. PISCITELLI, JR.

55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)
frank@piscitellilaw.com

DATED: January ___, 2010

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
JONATHAN M. STEIN
CULLIN A. O'BRIEN

_____
JONATHAN M. STEIN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
jstein@csgrr.com
cobrien@csgrr.com

- 27 -

A/73264775.2

DATED: January ___, 2010

CLIMACO, LEFKOWITZ, PECA, WILCOX
& GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER

_____
JOHN R. CLIMACO

55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
sdsimp@climacolaw.com
dmcupp@climacolaw.com
pgwarn@climacolaw.com

DATED: January ___, 2010

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.

_____
FRANK E. PISCITELLI, JR.

55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)
frank@piscitellilaw.com

DATED: January 20, 2010

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
JONATHAN M. STEIN
CULLIN A. O'BRIEN

_____
JONATHAN M. STEIN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
jstein@csgrr.com
cobrien@csgrr.com

- 27 -

DATED: January 20, 2010

SHEPHERD FINKELMAN MILLER
& SHAH, LLP
JAYNE A. GOLDSTEIN

*Jayne A. Goldstein*

JAYNE A. GOLDSTEIN

1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)
jgoldstein@sfmslaw.com

SCOTT KALISH CO., L.L.C.
D. SCOTT KALISH
1468 West 9th Street, Suite 405
Cleveland, OH 44113
Telephone: 216/502-0570
scottkalishcollc@cs.com

GILMAN AND PASTOR, LLP
DAVID PASTOR
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617/742-9700
617/742-9701 (fax)
dpastor@gilmanpastor.com

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
PAMELA GILBERT
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)
jonc@cuneolaw.com
pamelag@cuneolaw.com

EMERSON POYNTER LLP
SCOTT E. POYNTER
500 President Clinton Avenue, Suite 305
Little Rock, AR 72201
Telephone: 501/907-2555
501/907-2556 (fax)

Attorneys for Plaintiff

- 28 -

A/73264775.2

DATED: January 20, 2010

BINGHAM MCCUTCHEN LLP
BRUCE A. FRIEDMAN

_____
BRUCE A. FRIEDMAN

Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000

DATED: January ___, 2010

ARNOLD & PORTER LLP
ANGEL A. GARGANTA
TRENTON H. NORRIS
BETH H. PARKER

_____
ANGEL A. GARGANTA / BETH H. PARKER

275 Battery Street, Suite 2700
San Francisco, CA  941111-3823
Telephone: (415) 356-3000
Facsimile:  (415) 356-3099

Attorneys for Defendant

- 29 -

A/73264775.2

DATED: January ___, 2010

BINGHAM MCCUTCHEN LLP
BRUCE A. FRIEDMAN

_____
BRUCE A. FRIEDMAN

Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000

DATED: January 21, 2010

ARNOLD & PORTER LLP
ANGEL A. GARGANTA
TRENTON H. NORRIS
BETH H. PARKER

_____
ANGEL A. GARGANTA / BETH H. PARKER

275 Battery Street, Suite 2700
San Francisco, CA  941111-3823
Telephone:  (415) 356-3000
Facsimile:  (415) 356-3099

Attorneys for Defendant

- 29 -