UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, et al., | ) Case No.1:08-cv-00236 |
| Plaintiff, | ) CLASS ACTION |
| v. | ) Judge Dan Aaron Polster |
| THE DANNON COMPANY, INC. | ) |
| Defendant. | ) |

ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS,
PROVIDING FOR NOTICE AND SCHEDULING ORDER

A/73277739.1

WHEREAS, Plaintiff[1] in this action entitled *Gemelas v. The Dannon Company, Inc.*, No. 08-CV-00236 (N.D. Ohio) (the "Litigation") and The Dannon Company, Inc. ("Defendant") have entered into an Amended Stipulation of Settlement, filed January 20, 2010 (the "Amended Stipulation"), after lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Amended Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Amended Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

### A. The Settlement Class Is Conditionally Certified

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Class:

> All persons who purchased in the United States the food products marketed and distributed by Dannon under the brand names of Activia or DanActive, including any variations, formats or line extensions thereof (the "Products") at any time up to the date notice is provided to the Class. Excluded from the Class are Defendant's officers, directors and employees and those who purchased the Products for the purpose of resale.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class so numerous that joinder of all individual Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class and those common questions

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation of Settlement.

of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiff in the Litigation, James Gemelas, as class representative of the Class.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Class Counsel to represent the Class.

### B. The Stipulation is Preliminarily Approved and Final Approval Schedule Set

5. The Court hereby preliminarily approves the Amended Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Amended Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Amended Stipulation.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Settlement Hearing") on June 23, 2010, at 12 p.m., in the Courtroom of the Honorable Dan A. Polster, United States District Court for the Northern District of Ohio, 801 West Superior Avenue, Cleveland, Ohio 44113, for the following purposes:

(a) finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

(b) determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court;

(c) considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

(d) considering the application of plaintiffs to the Dannon Lawsuits for class representative incentive awards, as provided for under the Stipulation;

(e) considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

(f) whether the release by the Settlement Class Members of the Released Claims as set forth in the Amended Stipulation should be provided; and

(g) ruling upon such other matters as the Court may deemed just and appropriate.

8. The Court may adjourn the Settlement Hearing and later reconvene such hearing without further Notice to the Settlement Class Members.

9. The Parties may further modify the Amended Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Amended Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

10. Class members must file and serve any objections to the proposed settlement no later than 30 days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11. All papers in support of the Settlement and any application for an award of attorneys' fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the Settlement Hearing.

### C. The Court Approves the Form and Method of Class Notice

12. The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are Exhibits C and D, respectively, to the Amended Stipulation of Settlement.

13. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in ¶¶15-16 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

14. The Court approves the designation of Garden City Group to serve as the Court-appointed Class Action Settlement Administrator for the settlement. The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class member inquiries, as set forth in the Amended Stipulation and this Order under the direction and supervision of the Court.

15. The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Amended Stipulation and all Exhibits thereto, FAQ, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation. The Claim Form shall be made available to Class members through the Settlement Website, on Lead Counsel's website, and on the websites of Class Counsel, at their options, no later than the Notice Date as defined below, and continuously thereafter through the Claim-In Period.

16. The Class Action Settlement Administrator is ordered to provide Class Notice no later than 60 days before the Settlement Hearing (the "Notice Date").

17. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid from the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**D.  Procedure for Class Members to Participate in the Settlement**

18. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

19. The Court approves the Parties' proposed form of the Claim Form. Any Class member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Class Action Settlement Administrator no later than 100 days after the date the Court enters the Judgment ("Claim-In Period"). Such deadline may be further extended without notice to the Class by Court order.

20. The Class Action Settlement Administrator shall have the authority to accept or reject claims in accordance with the Amended Stipulation, including the Claims Administration Protocols.

21. The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members or, as applicable, a letter explaining the rejection of the claim and the appeal of eligibility process, within 30 days of the Effective Date or 30 days from the close of the Claim-In Period, whichever is later.

22. Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class members who do not enter an appearance will be represented by Class Counsel.

**E.  Procedure for Requesting Exclusion from the Class**

23. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Clerk of the Court postmarked or delivered no later than 30 days before the Settlement Hearing (the

"Opt-Out and Objection Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

24. Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person is a member of the Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Amended Stipulation shall have no rights under the Amended Stipulation and shall not be bound by the Amended Stipulation or the Final Judgment and Order.

25. A list reflecting all requests for exclusions shall be filed with the Court by Defendant at or before the Settlement Hearing.

F. **Procedure for Objecting to the Settlement**

26. Any Class member who desires to object either to the settlement, application for attorneys' fees, reimbursement of actual out-of-pocket expenses, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class member desires to submit to the Court no later than 30 days prior to the Settlement Hearing. The Court will consider such objection(s) and papers only if such papers are received on or before the Opt-Out and Objection Deadline provided in the Class Notice, by the Clerk of the Court and by designee of Class Counsel and Dannon's counsel. Such papers must be sent to each of the following persons:

| Clerk of the Court, United States District Court for the Northern District of Ohio, Carl B. Stokes United States Courthouse 801 West Superior Ave. Cleveland, OH 44113 | Timothy G. Blood Blood Hurst & O'Reardon LLP 600 "B" Street, Suite 1550, San Diego, CA 92101 | Angel Garganta Beth H. Parker Arnold & Porter LLP 275 Battery Street, Suite 2700 San Francisco, CA 94111 |
|---|---|---|

27. All objections must include the name, address, and telephone number of the Person submitting the objection, and the submitting Person's signature. Each Person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Settlement Hearing.

28. All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Settlement Hearing.

29. All objections must include a reference to *Gemelas v. The Dannon Company, Inc.*, No. 08-CV-00236 (N.D. Ohio); the name of the Class member on whose behalf the objection is being submitted; and the Class member's address and telephone number. Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the applications for attorneys' fees and reimbursement of actual out-of-pocket expenses, or the application for class representative incentive awards, are required to provide written notice of their intention to appear at the Settlement Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notice. Class members who do not oppose the settlement, the applications for attorneys' fees and reimbursement of actual out-of-pocket expenses, or class representative incentive awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notice waives any right the Person may have to object to the settlement, attorneys' fees, reimbursement of expenses, or class representative incentive awards, or to appeal or seek other review of the Final Judgment and Order.

IS SO ORDERED.

/s/ *Dan A. Polster    January 27, 2010*
THE HONORABLE DAN A. POLSTER
UNITED STATES DISTRICT JUDGE