UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>THE DANNON COMPANY, INC.,<br><br>        Defendant. | Case No. 1:08-cv-00236<br><br>CLASS ACTION<br><br>Judge Dan Aaron Polster |

**JAMES WILSON'S NOTICE OF OBJECTION AND INTENTION TO BE HEARD WITH ARGUMENT AND SUPPORTING MEMORANDUM OF LAW**

Class member James Wilson (hereinafter "Objector Wilson") files the following objection to the settlement and the request for attorneys' fees in the amount of $10,000,000.00. Objector Wilson intends to appear through Counsel at the Fairness Hearing before the Honorable Dan A. Polster to present the foregoing objections. James Wilson is a member of the plaintiff settlement class that has been Preliminarily Approved for the settlement in this matter having purchased Dannon Activia numerous times during the class period. (See Certification of James Wilson incorporated herein as Exhibit "A").

**I.      RELEVANT FACTS**

This lawsuit resulted in a settlement class which is defined in the Amended Stipulation of Settlement as the following:

> All persons who purchased in the United States the food products marketed and distributed by Dannon under the brand names of Activia or DanActive, including any variations, formats or line extensions thereof at any time up to the date of the notice is provided to the class.

The class members who satisfy the required conditions of the settlement will receive a reimbursement of up to $100 of the cost of buying the products. There are different categories of payments that class members are able to receive.  The categories and requirements are the following:

**Claims for up to $15.00.**  To receive a reimbursement of purchases of up to $15.00, a class member has to complete and return the Claim Form.

**Claims for more than $15 and up to $30.**  To receive reimbursement for purchases of more than $15.00 and up to $30, complete the Claim Form.  To receive more than $15.00 a class member must sign the Claim Form.

**Claims for more than $30.00 and up to $100.**  To receive reimbursement for purchases of more than $30.00 and up to $100, a class member must complete the claim form and provide proof of purchases that will be claimed.

The actual amount a class member receives will depend on the amount of money available from the Settlement Fund and the number of claims made.  If the total of valid claims is less than the amount of money available to pay them, class members submitting valid claims will receive the full amount of the purchase price they paid.  If money is left over, Dannon will give Activia and DanActive products to charities in the amount of equal value to the leftover money.  If the total of valid claims exceeds the amount of money available to pay them, then each award will be reduced pro rata.

The deadline to file the proof of claim is that it must be postmarked by October 1, 2010.  The Court did execute the Order Preliminarily Approving the Settlement on January 27, 2010.  Accordingly, taking into account the notice period, class members had approximately seven months to file the Claims Form.

This case is the "poster child" for abuses in class action litigation and the impetus for Congress and President Bush passing the Class Action Fairness Act in 2005.  This objection relates to class counsels' request for attorneys' fees in the amount of $10 million.  Counsel for the plaintiffs will petition the court for $10,000,000.00 based on the aggregate face value of the settlement of $35 million.  Objector Wilson argues that the Court must wait to make the determination for attorneys' fees until after it is determined how much money the class members from the settlement.  Accordingly, he sets forth the basis of the objections at length herein.

**II.     ARGUMENT**

    **A.     THIS HONORABLE COURT SHOULD APPROVE THE SETTLEMENT**

The Sixth Circuit Court of Appeals in *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1993), set forth the procedures in which courts must follow to approve a class action settlement. Those procedures are the following: 1) the court must preliminarily approve the proposed settlement to ensure it is legal and not tainted with collusion; 2) members of the class must be given notice of the proposed settlement; 3) a hearing must be held to determine whether the settlement is fair to those affected, adequate and reasonable. *Williams* at 920-21.

Objector Wilson maintains that in applying the *Williams* factors to this proposed settlement, this Honorable Court should approve the Settlement.  Accordingly, there is no reason for any discussion on a formal basis as to the merits of the Settlement to the putative class.

    **B.     THIS HONORABLE COURT SHOULD NOT APPROVE ATTORNEYS' FEES GREATER THAN TEN PERCENT OF THE SETTLEMENT FUND**

In the Sixth Circuit, the district court has discretion to award fees in common fund cases based on either the lodestar/multiplier approach or the percentage of the fund method.  *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513 (6th Cir. 1993).  The *Rawlings* case sets forth the standard in which the district court should award a reasonable percentage of the fund to class

counsel as attorneys' fees. The ultimate task for the District Court is to ensure that counsel is fairly compensated for the work performed and the results they achieved. *Rawlings* at 516. Factors that the Sixth Circuit enumerated to determine the fairness of the attorneys' fees are the following: 1) the value of the benefit rendered to the shareholders; 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; 3) the contingent nature of the case and the financial burden carried by the plaintiffs; 4) the value of services rendered; 5) the complexity of the factual and legal questions presented; 6) the quality of representation. *Smillie v. Park Chemical Co.*, 710 F.2d 271 (6th Cir. 1983).

In applying the reasoning of the *Rawlings* and *Smillie* courts, the attorneys' fees should be limited to ten percent (10%) of the Settlement Fund. This matter resolved early into the litigation process before any discovery could be conducted by the parties At the time of the settlement the only legitimate work done by class counsel was the drafting of the Amended Complaint. In fact, the defendants only filed a Motion to Dismiss based on Forum Non Conveniens. The Court did grant the motion and transferred the case to California only to have it transferred back to Ohio. The attorneys should not be compensated for the time spent replying to defendants Motion to Dismiss for Forum Non Conveniens because the case should have been filed in California in the first place. Counsel for objecting class member does not have the total amount of lodestar by plaintiffs' counsel but one can assume that the majority of the time was spent in matters not important or crucial to the resolution of this case such as lead plaintiff contests and confirmatory discovery. Objector Wilson anticipates that at least half of the plaintiffs' counsel lodestar was spent on needless confirmatory discovery.

Careful scrutiny by the court will demonstrate that the true lodestar of the attorneys in this matter was substantially less than the $1 million. Objector Wilson would concede that a fair

4

fee in this case would be $3.5 million. The legitimate time cannot be more than $1,000,000.00. Granting a fee of 10% of the settlement fund would give them a generous multiplier of more than 3 and almost 4 assuming the legitimate lodestar being less than $1,000,000.00. **Objector Wilson maintains that class counsel does not even deserve a significant multiplier due to the relatively easiness of this case.**

### C. THE COURT MUST WAIT TO DETERMINE THE ATTORNEYS' FEES

It is impossible to determine the exact value of the settlement before the claims administrator has processed all of the claim forms. How can the Court decide the exact amount of attorneys' fees if the correct value of the Settlement cannot be determined? Objector Wilson maintains that this Honorable Court must wait until after the Claims Administrator provides information to the Court as the exact amount of money paid out to the class to determine the legal fee.

Congress passed the Class Action Fairness Act and it was signed into law by President Bush in early 2005. See *Class Action Fairness Act*, 28 U.S.C. Sections 1332(d). The Class Action Fairness Act requires Courts to wait until the time in which coupons have expired to determine the value of a coupon settlement and then award attorneys' fees. The new law requires that in cases in which coupons are part of the settlement, the Court must wait to determine the attorneys' fees based upon the number of coupons redeemed, not distributed. Objector Wilson understands that the facts of this case do not apply to coupon settlements; however, the reasoning behind the Act is certainly persuasive in this matter.

The Honorable Richard M. Berman, USDC, Southern District of New York required the parties to wait to determine the attorneys' fees in *In re: Excess Value Insurance Coverage Litigation,* USDC, SDNY, —21-84 (Nov. 2, 2005). In the Excess Value Insurance Coverage

Litigation, Judge Berman approved the Settlement in July of 2004, but waited to decide the amount of attorneys' fees until the time where it could be determined how many of the defendant, UPS coupons were redeemed.

As part of the settlement in Excess Value Insurance Coverage Litigation, the plaintiffs' attorneys did submit an expert report of Dr. Harvey S. Rosen who opined that the Settlement had a value of in excess of $265 million.  The actual value of the coupons in that case actually redeemed was $4,863,877.00.  Judge Berman found in actuality Dr. Rosen overstated the value of the settlement by 4,000%.  Accordingly, Judge Berman severely slashed the attorneys' fees.  Objector Wilson maintains that this Honorable Court should follow the lead of Judge Berman and wait until the Claims Administrator reports on the exact amount class members received before determining the attorneys' fees.  SEE In re: *Compact Disc Minimum Advertised Price Antitrust Litig.,* 292 F.Supp.2d 184, 189-90 (D.Me. 2003)(Court did defer the award of attorneys' fees until it could be determined how many of the vouchers were exercised and thus to exactly determine how valuable the settlement really is to the class.)

Similarly, Supreme Court Justice O'Connor, in her statement respecting the Supreme Court's denial of certiorari in *Walters v. Int'l Precious Metal Corp.*, criticized an award of $13.3 million in attorneys' fees for a class for a recovery of $6.4 million by stating:

> Arrangements such as that at issue here decouple class counsel's financial incentives from those of the class increasing the risk that the actual distribution will be misallocated between attorneys' fees and the plaintiffs' recovery.  They potentially undermine the underlying purpose of class actions by providing defendants with a powerful means of enticing class counsel to settle lawsuits in a manner detrimental to the class.

*Int'l Precious Metal Corp v. Walters*, 530 U.S. 1223 (200) (O'Conner, J.).

Granting a fee of $10,000,000.00 would not be a reasonable approach for this Court to do in this manner until the total amount of money paid to the Class can be determined.

### D. SECTION IVA(3) OF THE AMENDED STIPULATION OF SETTLEMENT IS CONFUSING

Section IVA(3) deals with excess funds.  This section states:

> If the total amount of Defendant's payouts is less than $35,000 then Defendants should donate products having a total value equal to the difference . . .

This section is ambiguous because Objector Wilson is not sure which value refers to retail or wholesale price of the Defendant's product.  Moreover, the Cy Pres is not defined and disclosed.  Objector Wilson maintains the Defendants be forced to provide the product upon a shortfall based on the cost to the Defendant or the wholesale price not the retail price.  This would ensure the Defendant pay the exact amount of money which was agreed to in the Settlement.

### III. ADDITIONAL OBJECTIONS

Objector Wilson adopts all bona fide objections filed by other objectors in this case and reserves the right to respond to plaintiffs' counsel response to this objection.

### IV. CONCLUSION

Wherefore Objector Wilson requests appropriate general relief:

1. That the Court does not approve the Settlement pursuant to the terms of the Settlement Agreement and Release;

2. That the Court wait until the Claims Administrator can prepare an accounting as to how much money was paid to the class members to determine the exact value of the Settlement before attorneys' fees are awarded;

3. Section IVA(3) of the Amended Stipulation of Settlement be clearly defined;

4. Objector Wilson hereby reserves the right to amend his objection as more information is made available.

Respectfully submitted,

/s/ Charles H. Cooper, Jr.
Charles H. Cooper, Jr.     (0037295)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio  43221
(614) 481-6000
(614) 481-6001 (Facsimile)

Attorneys for James Wilson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing James Wilson's Notice of Objection and Intention to Be Heard With Argument and Supporting Memorandum of Law was filed electronically and served electronically on the following counsel of record, this 21st day of May, 2010:

U.S.D.C. N.D. Ohio - Eastern Division
801 West Superior Avenue
Cleveland, Ohio  44113

Timothy G. Blood, Esq.
Blood, Hurst & O'Reardon, LLP
600 B Street, Suite 1550
San Diego, California  92101

Counsel for Plaintiffs

Angel Garganta, Esq.
Beth H. Parker, Esq.
Arnold & Porter
275 Battery Street, Suite 2700
San Francisco, California  94111

Counsel for Defendant

/s/ Charles H. Cooper, Jr.