UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case No. 1:08-cv-00236 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| THE DANNON COMPANY, INC., | ) ) | |
| Defendant. | ) ) | |

**OBJECTION OF STEVEN P. COPE TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**

COMES NOW, STEVEN P. COPE ("Objector") Class Member in this action, by and through his undersigned counsel, and hereby files these Objections to the Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the June 23, 2010, settlement hearing, and requests award of an incentive fee for serving as an unnamed class member objector.

Objector STEVEN P. COPE, represents to the court that he is a Class Member, qualified to make a claim for the proposed relief for as set forth in the NOTICE OF CLASS ACTION SETTLMENT; his address is 2250 Esplendido Avenue, Vista, CA 92084, but all mail should be sent to his attorney's address below.

1

# I.

## THE CY PRES DISTRIBUTION PLAN DOES NOT PROVIDE AN ADEQUATE BENEFIT TO SILENT CLASS MEMBERS

When a court is distributing unclaimed funds *cy pres*, the choice of recipient should be guided by the objectives of the underlying statute and the silent class members.  *Lessard v. City of Allen Park*, 470 F. Supp. 2d 781, 782-83 (E.D. Mich. 2007).  There are other factors courts have considered when choosing a *cy pres* beneficiary including: the proportion of class members sharing in the recovery, the costs of administration, and any "spill over" benefits to non-class members.  *Id* (citing *State of California v. Levi Strauss & Co.*, (Cal. 1986) 14 Cal 3d. 460)).  But in general, when funds are being distributed *cy pres*, they should be used "to whatever would be the next best use of the money to carry out the intent of the fund, which in class actions usually means for the indirect benefit of the class."  *Id* (citing 3 William B. Rubenstein et al., Newberg on Class Actions § 10.16 n.1 (4th ed. Supp. 2009)*.*

Here, Class Counsel's *cy pres* distribution plan provides very little benefit to the silent class members.  According to the Settlement Agreement, any funds left over after all fees, expenses, and claims are paid out will be used to feed the poor with Dannon products.  Although helping individuals in need is a noble and worthwhile cause, a *cy pres* distribution plan is not proper simply because it will be used for a good cause.  This lawsuit was brought on behalf of individuals who purchased Dannon products and were mislead about their purported health benefits.  This fund exists to compensate all of the class members, whether they make a claim or not.  Silent class members are just as important for the creation of this fund and have given up their rights against Dannon in order to make this settlement available.  Therefore, the unclaimed funds should be used more directly for their benefit.

A more appropriate *cy pres* distribution plan would be one that distributed the funds to organizations working protect consumers from unfair and misleading marketing practices.

Organizations such as the Better Business Bureau, Center for Science in the Public Interest, and Consumer Action are all examples of these organizations. For example, the Better Business Bureau's mission statement is**:**

> BBB's mission is to be the leader in advancing marketplace trust. BBB accomplishes this mission by creating a community of trustworthy businesses, setting standards for marketplace trust, encouraging and supporting best practices, celebrating marketplace role models, and denouncing substandard marketplace behavior.

http://www.bbb.org/us/BBB-Mission/. Providing funds to organizations such as these who rely on donations to function would greatly benefit the silent class members and would further the purpose of the underlying cause of action in this lawsuit.

Even if the court approves the use of the *cy pres* funds to feed the poor, the Settlement Agreement is ambiguous because it states that Dannon must donate products with a "total value" equal to the excess funds. How Dannon calculates total value will materially affect the amount of people who will benefit under this agreement. The total value should be calculated in terms of wholesale value instead of retail value. Dannon should not get the benefit of what would be the equivalent of purchasing their products with the *cy pres* funds at full retail value. Dannon should be liable for the full value of the cash claims to the settlement class whether or not the funds are claimed. The method used to calculate "total value" of products distributed should also be disclosed to the class because this term is essential in determining the fairness of the overall settlement agreement.

## II.

## THE REQUESTED FEE IS UNREASONABLE AND UNFAIR

The Sixth Circuit has routinely held that the primary concern in evaluating a request for attorneys' fees is that the fee awarded be reasonable. *Paschal v. Flagstar Bank,* 297 F.3d 431, 434 (6th Cir.2002). When awarding attorneys' fees in a class action, a court must protect

the interests of absent class members and also make sure that counsel is fairly compensated for the amount of work done and results achieved.  *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir.1993).  This court warned that:

> The interest of class counsel in obtaining fees is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. In addition there is often no one to argue for the interests of the class (that their recovery should not be unfairly reduced), since it is to be expected that class members with small individual stakes in the outcome will not file objections, and the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and class counsel.

*Id.*  The actual and readily apparent conflict of interest underscores the importance of a thorough analysis by the Court – aided, of course, by Objectors, who are the only parties remaining to preserve the adversary process.

According to the Settlement Agreement, Class Counsel intends to request $10,000,000 in attorneys' fees.  Unfortunately for this objector and every other class member, the objection deadline occurred before the fee application was filed with the court. However, in a case where the total payout is $35,000,000, the requested fee of $10,000,000 is unfair and unreasonable.

In a classic study of class action fee awards that can be downloaded at http://papers.ssrn.com/sol3/papers.cfm?abstract_id=456600#.  Professors Eisenberg and Miller performed a comprehensive study of class action fee awards and determined that the mean fee award in common fund cases is well below the widely-quoted one-third figure, constituting 21.9 percent of the recovery across all cases for a comprehensive data set of published cases.

The study found that a scaling effect exists: fees constitute a lower percent of the client's recovery as the client's recovery increases.  Thus, for a case with a $35M fund, the appropriate fee would not be 28.5 percent because it is well above the 21.9 percent mean. In this case, there was no long protracted litigation, battles for class certification, motions for

summary judgment to defeat or risks of jury trial. There is inadequate evidence to support the reasonableness of the fees or expenses because the risk factors that support large attorneys' fees are missing in this case. Therefore, paying these unreasonable fees from the class members' settlement fund would render the settlement unfair, unreasonable, and inadequate.

### III.

### CONCLUSION

WHEREFORE, this Objector respectfully requests that this Court:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

C. Continue the Fairness Hearing until such time that this Objector has had an opportunity to review Class Counsel's Fee Application and for an opportunity to submit limited Discovery regarding said Fee Application.

D. Award an incentive fee to this Objector for its service as a named representative of Class Members in this litigation

E. Order the production of the copies of documents requested in Section III above.

DATED: May 24, 2010          By:     /s/ Edward F. Siegel

> Edward F. Siegel
> 27600 Chagrin Blvd., Suite 340
> Cleveland, OH 44122
> Phone: (216) 831-3424
> Fax: (216) 831-6584
> Email: efsiegel@efs-law.com

Darrell Palmer (SBN 125147)

Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email:  darrell.palmer_@cox.net

counsel for objector Steven Cope

6

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 24, 2010, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of Ohio Eastern Division by using the USDC CM/ECF system.

       I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

                              /s/ Edward F. Siegel