UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| *JAMES GEMELAS*, On Behalf of Himself and All Others Similarly Situation<br><br>Plaintiff,<br><br>v.<br><br>*THE DANNON COMPANY, INC.*,<br><br>Defendant. | Case No. CV-08-236<br><br>*JUDGE DAN A. POLSTER*<br><br>NOTICE OF INTENT TO OBJECT TO PROPOSED CLASS ACTION SETTLEMENT AND OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT |

Clyde Farrel Padgett ("Padgett"), proceeding pro se as a member of the class in the above-referenced suit against The Dannon Company, Inc. ("Dannon" or "Defendant"), files this Notice of Intent to Object to the Proposed Class Action Settlement and Objections to Class Action Settlement. In support of this objection, Padgett respectfully shows the Court as follows:

1. Padgett is a member of the class through his purchase of Dannon products made the subject of this class action lawsuit. Padgett timely submitted his claim form to the third party administrator in this case.

2. Padgett objects to the proposed class action settlement and respectfully requests the Court to reject it because it is unfair, unreasonable, and inadequate. Specifically, Padgett objects to the proposed class action settlement on the following grounds:

**A. The proposed settlement provides no additional relief than that which Dannon previously voluntarily offered before the lawsuit was filed.**

1

In Dannon's mass marketing efforts of the subject Dannon products, it offered a money-back guarantee to consumers. If a consumer was dissatisfied with the product, Dannon would refund the purchase price. As set forth below, the proposed settlement in this case does nothing more. Because the proposed settlement provides no additional relief to members than that which Dannon voluntarily offered before this case was filed, while at the same time waiving class members' valuable legal rights against Dannon, the proposed settlement should be rejected.

The relief class counsel purportedly secured for the class, at best, is the same "relief" Dannon offered consumers before the lawsuit was filed. The proposed settlement provides no additional relief to class members. In light of the significant rights and remedies class members are required to abandon in exchange for benefits that were offered even before this case was filed, the proposed settlement actually places class members in a worse position than they were before the suit was filed. Indeed, prior to this suit, class members could likely obtain a refund from Dannon without waiving any significant legal rights; post-lawsuit, however, class members are required to waive all known and unknown legal rights against Dannon (and many others) in order to obtain, in the best case scenario, a refund for the purchase price of the subject products. This is unfair, unreasonable, and inadequate and should preclude approval of the proposed settlement.

Notably, class counsel sets forth in detail in its amended complaint the abundance of evidence related to Dannon's misrepresentations and deceptive conduct. In fact, the amended complaint discusses in detail prior instances where deceptive conduct very similar to Dannon's misconduct in this case was found to violate the consumer protection laws (*Brown v. Hartman*, Case No. 81-CV-1587, Ohio Court of Common Pleas). The amended complaint further outlines how Dannon's own studies prove that its claims regarding the benefits of its products are

2

blatantly false. Based on this evidence, and in addition to seeking compensatory damages, class counsel also seeks punitive damages for Dannon's malicious conduct. Despite the overwhelming evidence and requested relief, the proposed settlement effectively overlooks the substantial evidence of Dannon's misconduct, and proposes a settlement of this claim for minimal relief to consumers, while seeking $10,000,000.00 in attorneys' fees. The proposed settlement is unconscionable on its face, and actually awards Dannon for its deceptive conduct.

### B. Dannon is only required to accurately represent its products for three years.

While the first amended complaint sets forth the serious misrepresentations Dannon made regarding the benefits of its products, the proposed settlement permits Dannon to continue its deceptive conduct after a mere three-year hiatus. After that short period, Dannon is apparently free to mass market it products in the same misleading and deceptive manner as it did before the proposed settlement. It would only seem fair then that class members should agree to waive their claims for three years; after that short period, class members should be able to hold Dannon liable for future misconduct. However, under the proposed settlement, this is not the case. Instead, while class members are asked to forever waive and release all claims, whether known or unknown, related to Dannon's deceptive conduct, Dannon is free to continue its unconscionable business practices in merely three years, at most. For these reasons, the proposed settlement should be rejected.

### C. The requested attorneys' fees are unreasonable, unjust, and unwarranted.

As set forth above, this case is detrimental to class member's legal rights. According to the proposed settlement, class members are required to waive significant, valuable legal rights in

3

order to obtain a purported "benefit" that Dannon offered even before the lawsuit was filed. Nonetheless, class counsel demands a whopping $10,000,000.00 in attorneys' fees. This type of fee request and its lack of a rational relationship to the actual benefit to class members is why so many Americans despise class actions lawsuits and its participants. No rational, disinterested person could objectively opine that class counsel has earned $10,000,000.00 in this case. Aside from the lack of any real benefit to class members in this case, there is no evidence available to the undersigned that would possibly justify such an excessive award based on the amount of work put into this case. The available documents only indicate the class counsel conducted some preliminary discovery, mediated the case, and then struck a settlement with Dannon rather quickly. Further, Dannon (not class counsel) had to pay the significant expenses of class notice, maintaining a public website, and the costs associated with the claims administrator. For these reasons, the Court should reject the proposed settlement and the request fees.

### D. An incentive award in this case is inappropriate.

The proposed settlement seeks to award a group of unidentified "Class Representatives" so called "Incentive Awards" in an amount up to $7,500.00. There is no indication how many "Class Representatives" exist nor is there any indication of the total amount of anticipated "Incentive Awards." Equally troubling is that there is no indication of where these funds will come from—are these funds deducted from the total amount awarded to the class or some other source of funds? Further, there is no rationale or explanation of how this amount was derived. What did these "Class Representatives" do in this case to deserve an award in excess of 7500% of the rest of the class? The proposed "Incentive Award" has not been sufficiently explained or

detailed to render it appropriate, especially if such funds are coming directly off the top of the class' proposed settlement amount.

### E. The proposed settlement agreement lacks any form of deterrence for Dannon's unconscionable misconduct.

When this case was filed, class counsel sought punitive damages against Dannon for its knowing, calculated, and intentional misconduct. All of a sudden at settlement, these punitive damage claims have disappeared. In fact, Dannon admits absolutely no liability in the agreement and, in fact, claims that the suit has no merit. Further, the parties have prepared a media statement in which Dannon disclaims any liability, and precludes the parties from making any additional statements to the media. This is just the type of lack of accountability and corporate unconsciousness that led to Dannon's cavalier belief that it could blatantly misrepresent its products with no consequence in the first place. This settlement serves to reaffirm Dannon's belief and encourage further corporate misconduct. Dannon has obtained a very favorable settlement, negated millions of possible lawsuits though this class action, and faces no additional damages. The only thing Dannon does in the proposed settlement is provide a refund for its misrepresented products (which it voluntarily did before this lawsuit) and pays class counsel an outrageous fee. There is absolutely no damage assessed to deter Dannon from future misconduct and, indeed, the proposed settlement agreement permits Dannon's misconduct to continue in three years while barring future claims based on that same misconduct. As such, the Court should reject the proposed settlement agreement.

3.  By way of this filing, Padgett gives notice of his intention to appear at the fairness hearing in the above-reference court.

**WHEREFORE**, class member Clyde Farrel Padgett prays:

5

1) that the proposed class action agreement be rejected in its entirety;

2) alternatively that the offending provisions set forth above be stricken from the settlement agreement; and

3) that the Court grant such other and further relief as it deems just and proper.

Dated: May 24, 2010

BY: _____
CLYDE FARREL PADGETT, Pro Se
910 McGregor
Lufkin, Texas 75904
(936) 676-8296

**CERTIFICATE OF SERVICE**

This is to certify that this objection to class action settlement was sent to the following counsel of record by certified mail:

<u>Plaintiff's Counsel</u>

**Timothy G. Blood**
**Blood Hurst & O'Reardon LLP**
600 "B" Street, Suite 1550
San Diego, CA 92101


<u>Defendant's Counsel</u>

**Angel Garganta, Beth H. Parker**
**Arnold & Porter LLP**
275 Battery Street, Suite 2700
San Francisco, CA 94111

*Clyde Farrel Padgett*

7