UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED
2010 JUN 24 PM 3:18
U.S. DISTRICT COURT
N. DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE DANNON COMPANY, INC.,<br>Defendant. | No. 1:08-cv-00236<br><br><u>CLASS ACTION</u><br><br>Judge Dan Aaron Polster |

### JUDGMENT, FINAL ORDER AND DECREE

1

LA: 610777v4

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Amended Stipulation of Settlement dated January 21, 2010, as further amended on May 24, 2010 (collectively referred to herein as "Amended Stipulation"), and attached as Exhibit A. All terms used herein shall have the same meanings as set forth in the Amended Stipulation unless set forth differently herein. The terms of the Amended Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Class:

> All persons who purchased in the United States the food products marketed and distributed by Dannon under the brand names of Activia or DanActive, including any variations, formats or line extensions thereof (the "Products") at any time up to the date notice is provided to the Class. Excluded from the Class are Defendant's officers, directors and employees and those who purchased the Products for the purpose of resale.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that the Plaintiff in the Litigation, James Gemelas, is a member of the Class, his claims are typical of the Class, and he fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints James Gemelas as class representative and he is entitled to an incentive award of $7,500.00.

LA: 610777v4

2

6. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the Second Amended Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

8. The list of Persons excluded from the Class because they filed valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit B. Persons who filed timely, completed Opt-Outs are not bound by this Judgment or the terms of the Amended Stipulation and may pursue their own individual remedies against Defendant. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Amended Stipulation.

9. The Court directed that Class Notice be given to Class members by publication pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Class Action Settlement Administrator caused the Class Notice to be distributed on a nationwide basis in magazines and newspapers (with circulation numbers exceeding 81 million) specifically chosen to reach Class Members. In addition, the settlement was widely publicized using Internet banner ads, press releases, audio news releases, via a Settlement Website, and through a toll-free number. Notice of Class Action Settlement dated January 27, 2010, is Exhibit C to this Judgment, and the Legal Notice of the proposed settlement is Exhibit D to this Judgment (together the "Class Notice"). The Declaration of Jeanne C. Finnegan, attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class members of the terms of the settlement; of the Settlement Hearing, and their right to appear at such

3

Settlement Hearing; of their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

10. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

11. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons including all objections filed with the Court, the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Amended Stipulation are the product of lengthy, arms-length negotiations conducted in good faith over a two year period with the assistance of an experienced mediator, Hon. Dickran M. Tevrizian (ret.) of JAMS and the Hon. Dan Aaron Polster. Approval of the Amended Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice..

12. Pursuant to agreement of the Parties on the record at the June 23, 2010 Fairness Hearing, the Product Donations pursuant to Section IV.A(3)(a) of the Amended Stipulation shall be valued at Dannon's wholesale cost plus all costs and expenses associated with the selection, administration, and distribution of the Product Donations by Dannon.

13. All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

14. None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Dannon Lawsuits.

15. The Court has considered the submissions by the Parties and all other relevant factors involving the prosecution of claims on behalf of the Class. Class Counsel initiated the Dannon Lawsuits on behalf of the Plaintiffs and acted to protect the Class. Plaintiffs assisted Class Counsel. Their efforts have produced the Amended Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Class Counsel is entitled to reasonable attorneys' fees and reimbursement of expenses for their work. The Court hereby awards Class Counsel $7 million in attorneys' fees, plus $598,578.44 in expenses incurred in litigating the Dannon Lawsuits. The Court will consider Class Counsel's request for an additional $3 million in attorneys' fees following the conclusion of the claims process and submission of final fee and expense declarations. In addition the Court will consider additional expenses incurred by Class Counsel in connection with the settlement process.

16. The Court will consider the application for attorneys' fees by counsel for objectors, which shall be filed by July 1, 2010. The Parties shall have until July 8, 2010 to respond to any application for attorneys' fees filed by counsel for objectors.

17. The Plaintiff and any plaintiff who has been deposed in one of the Dannon Lawsuits is entitled to an incentive award of $7,500.00, and each plaintiff in a Dannon Lawsuit who has not been deposed in one of the Dannon Lawsuits is entitled to an incentive award of $1,000.00.

18. The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

19. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Amended Stipulation, and all matters ancillary thereto.

20. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

21. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of, the Amended Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Amended Stipulation.

IT IS SO ORDERED.

DATED: 6/24/10

_____
THE HONORABLE DAN A. POLSTER
UNITED STATES DISTRICT JUDGE

1844783v.2