UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE DANNON COMPANY, INC.,<br><br>　　　　　　　　　　Defendant. | No. 1:08-cv-00236<br><br>CLASS ACTION<br><br>Judge Dan Aaron Polster |

**THE DANNON COMPANY, INC.'S RESPONSE TO JOINT REQUEST OF OBJECTORS DENISE FAIRBANK, ROBERT FALKNER, WANDA COCHRAN, GRACE M. CANNATA, DANETTE LOEFFLER, STEVEN COPE, BRAD HENRY, AND SHEILA LODWICK FOR ATTORNEYS' FEES AND INCENTIVE FEES**

- 1 -

In their Objections to final approval of the settlement in this case, the groups of objectors who are now making the Joint Request for Attorneys' Fees and Incentive Fees pending before the Court (Docket Entry ["DE"] 77) ("Objectors") contended either that: the cy pres should be distributed in cash instead of Product Donations, s*ee* Falkner Objections, 8-9 (DE 60); or that the Product Donations should be valued at "wholesale value," *see* Cope Objections, 3 (DE 59). The Court adopted neither approach, instead adopting an approach much closer to the method proposed by Dannon. *See* The Dannon Company Inc's Response to Objections to Proposed Settlement ("Response to Objections") (DE 66), 6; Judgment, Final Order and Decree ("Final Judgment") (DE 71), 4. To the extent the Request for Fees is premised on the notion that Objectors have actually persuaded the Court to adopt their approach to cy pres valuation, and thereby benefitted the class, the Request for Fees should be denied.

Objectors contend that they persuaded the Court to adopt the valuation method in the Final Judgment, and in doing so have provided "at least $9 million in benefit to the class." Joint Request for Fees (DE 77), 5. They did not, and have not. In fact, only one Objector, Mr.Cope, proposed a valuation method at all -- "wholesale value" -- and the Court did not adopt it. *See* Cope Objections (DE 59), 3; Final Judgment (DE 71), 4. Instead, the Court generally adopted Dannon's proposed approach by valuing the Product Donations at wholesale cost *plus* "all costs and expenses associated with the selection, administration, and distribution of the Product Donations." Final Judgment (DE 71), 4.

In response to the Objections, Dannon argued that the cy pres valuation should include any additional expenses incurred by Dannon as a result of distributing the Product Donations, because it ordinarily does not deliver the Products across the United States to food-banks and other non-profit organizations. Response to Objections (DE 66), 6. As Dannon explained, and the Court accepted,

wholesale valuation alone would fail to account for the "logistical difficulties and transaction costs associated with identifying the non-profit organizations and delivering the Products across the United States." *Id.* In response to the lone Objector who suggested "wholesale value," Dannon suggested a "retail" valuation in order to account for both its wholesale costs and the additional administration and distribution costs it expects to incur in making the Product Donations. *See id.* The Court effectively adopted Dannon's proposal by including the additional "costs of selection, administration, and distribution" in the total valuation of the Product Donations. Final Judgment (DE 71), 4. While this valuation is perhaps more precise than the retail measure Dannon suggested in response to the dichotomy between "wholesale" and "retail" framed by Objector Cope, in the end, it provides precisely what Dannon sought -- a valuation that includes any expenses of distributing the Product Donations to non-profit organizations across the United States. *See* Response to Objections (DE 66), 6.

The assertion that Objectors persuaded the Court to adopt the cy pres valuation method in the Final Judgment is accordingly disingenuous at best. Dannon does not take a position on whether or not Objectors are entitled to fees based on the Court's change in the timing of its consideration of the fees requested by Class Counsel. *See* Final Judgment (DE 71), 5. It is clear, however, that Objectors have in no way improved the terms of the settlement as it relates to the Product Donation valuation, and should not be awarded attorneys fees or incentive payments on that ground.

Respectfully submitted,


s/ David D. Yeagley
Michael N. Ungar (0016989)
David D. Yeagley (0042433)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113
(216) 583-7000 (phone)
(216) 583-7001 (fax)
mungar@ulmer.com
dyeagley@ulmer.com


Angel A. Garganta, *pro hac vice*
Beth H. Parker, *pro hac vice*
ARNOLD & PORTER LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 356-3000
(415) 356-3099
angel.garganta@aporter.com
beth.parker@aporter.com

Bruce A. Friedman, *pro hac vice*
BINGHAM MCCUTCHEN LLC
1620 26th Street, 4th Floor
Santa Monica, CA 90404
bruce.friedman@bingham.com

Attorneys for Defendant
The Dannon Company, Inc.

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on August 2, 2010, a copy of the foregoing was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Case Filing system. Parties and their counsel may access this filing through the Court's Electronic Case Filing system.

                                        s/ David D. Yeagley
                                        One of the Attorneys for Defendant
                                        The Dannon Company, Inc.

1849612