UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated, | No. CV-08-236 |
| Plaintiff, | CLASS ACTION |
| v. | JUDGE DAN A. POLSTER |
| THE DANNON COMPANY, INC., | |
| Defendant. | |

PLAINTIFF GEMELAS' OPPOSITION TO THE JOINT REQUEST OF OBJECTORS
FOR ATTORNEYS' FEES AND INCENTIVE FEES

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

THE PISCITELLI LAW FIRM
FRANK PISCITELLI
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)

[Additional Counsel Appear on Signature Page.]

# TABLE OF CONTENTS

Page

I.      Introduction................................................................................................................1

II.     The Cochran and Palmer Objectors Cannot Seek Attorneys' Fees ..................................4

III.    Objector Attorneys' Fees May Only Be Awarded Only if the Settlement is
        Substantially Improved as a Result of their Objections.....................................................5

        A.      The Value of the Donated Products....................................................................8

                1.      The Palmer Objector..............................................................................8

                2.      The Cochran Objectors ..........................................................................9

                3.      The Nelson Objector............................................................................10

        B.      The Staging of Class Counsel's Fees................................................................10

IV.     The Hourly Rates and Time Expended Are Excessive....................................................12

V.      A Multiplier is Not Appropriate ..................................................................................14

VI.     The Expenses Sought by Objectors' Attorneys Should be Denied..................................15

VII.    The Objectors Should Not Be Awarded Incentive Fees .................................................15

VIII.   Conclusion ................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*County of Suffolk v. Long Island Lighting Co.*,
907 F.2d 1295 (2d. Cir. 1990)........................................................................................7

*Fisher v. Proctor & Gamble Manufacturing Co.*,
613 F.2d 527 (5th Cir. 1980) .........................................................................................7

*Frankenstein v. McCrory Corp.*,
425 F. Supp. 762 (S.D.N.Y. 1977) ...............................................................................14

*Hadix v. Johnson*,
322 F.3d 895 (6th Cir. 2003) ........................................................................................15

*Howes v. Atkins*,
668 F. Supp. 1021 (E.D. Ky. 1987) ................................................................................7

*In re AT&T Corp. Sec. Litig.*,
455 F.3d 160 (3d Cir. 2006)............................................................................................1

*In re AT&T Corp. Secs. Litig.*,
No. 00-5364 (GEB), 2006 WL 69086 (D.N.J. Sept. 25, 2006) ......................................1

*In re Auto. Refinishing Paint Antitrust Litig.*,
MDL No. 1426, 2004 U.S. Dist. LEXIS 29162 (E.D. Pa. Oct. 13, 2004)............................ 2-3

*In re Bristol-Myers Squibb Sec. Litig.*,
No. 06-2964, 2007 U.S. Dist. LEXIS 18093 (3d Cir. July 27, 2007)........................................2

*In re Cardinal Health, Inc. Securities Litig.*,
550 F. Supp. 2d 751 (S.D. Ohio 2008) ...........................................................6, 7, 8

*In re Charter Commc'ns, Inc., Secs. Litig.*,
4:02-CV-1186 CAS, 2005 WL 4045741 (E.D. Mo. June 30, 2005) ........................................3

*In re Rent-Way Secs. Litig.*,
305 F. Supp. 2d 491 (W.D. Pa. 2003)..............................................................6, 12

*In re Resort Condominiums International, LLC*,
No. 06-CV-1222(PGS), 2010 U.S. Dist. LEXIS 34565 (Dist. N.J. April 7, 2010) ..................9

*In re UnitedHealth Group PSLRA Litig*,
643 F. Supp. 2d 1107 (D. Minn. 2009)..........................................................................2

*Jones v. Continental Corp.,*
    789 F.2d 1225 (6th Cir. 1986) ............................................................................15

*Lonardo v. Travelers Indemnity Co.,*
    No. 1:06-CV-962, 2010 U.S. Dist. LEXIS 73703 (N.D. Ohio, July 21, 2010) .............. *passim*

*Mikolajczyk v. Boradspire Servs., Inc.,*
    499 F. Supp. 2d 958 (N.D. Ohio, 2007)................................................................13

*Olden v. Gardner,*
    No. 07-1953, 2008 U.S. Dist. LEXIS 20092 (6th Cir. 2008) ...................................6

*Perez v. Asurion Corp.,*
    501 F. Supp. 2d 1360 (S.D. Fla. 2007) ............................................................2, 14

*Ramey v. Cincinnati Enquirer, Inc.,*
    508 F.2d 1188 (6th Cir. 1974) ..................................................................... 14-15

*Spark v. MBNA Corp.,*
    289 F. Supp. 2d 510 (D. Del. 2003).......................................................................6

*Varacallo v. Mass. Mut. Life Ins. Co.,*
    226 F.R.D. 207 (D.N.J. 2005).................................................................................2

**SECONDARY AUTHORITIES**

*Manual for Complex Litigation (Fourth)*(2010)
    §21.71............................................................................................................12
    §21.643.............................................................................................................2

Plaintiff and court-appointed class representative, James Gemelas, hereby respectfully submits his opposition to the Joint Request of Objectors for Attorneys' Fees and Incentive Fees ("Joint Request," DE 77).  In the Joint Request certain objectors (the "Cochran Objectors," the "Nelson Objector" and the "Palmer Objector") (collectively the "Objectors") are jointly seeking $97,983.75 in attorneys' fees, $8,000 in incentive fee, and $200 in *pro hac* filing fees.

## I.    INTRODUCTION

Objectors' counsel (Mr. Cochran, Mr. Nelson, Mr. Palmer, and Mr. Siegel) are well known to the class action bar and the federal judiciary.  They repeatedly lodge generic objections to otherwise proper settlements for the sole purpose of extorting a fee.

In *In re AT&T Corp. Secs. Litig.*, Siegel and Nelson objected to a class action settlement, which the District Court overruled.  No. 00-5364 (GEB), 2006 WL 69086, at *1 (D.N.J. Sept. 25, 2006) ("*AT&T II*").  They then appealed to the Third Circuit Court of Appeals, which affirmed the District Court's denial of the objections. *See In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 170-75 (3d Cir. 2006).  But it didn't stop there.  On remand, they then sought attorneys' fees merely for filing the objections, which the District Court adamantly denied:

> Here, Objectors' Counsel fail to show that they improved the Class's recovery in any way.  The Court, in its April 22, 2005 decision, rejected each of the Objectors' challenges to the Settlement and to the award of attorneys' fees to Lead Counsel.  On May 11, 2005, the Court denied a motion for reconsideration filed by two of the Objectors.  On July 20, 2006, the Third Circuit Court of Appeals affirmed the Court's decision, and in doing so, rejected each of the Objectors' arguments on appeal....  The objections and the subsequent appeal were without merit and failed to improve the Class's recovery in any manner.  Instead, the Objectors' actions appear to have impeded the Class's recovery – their objections and subsequent appeal resulted in wasteful litigation and delayed the distribution of funds to the Class.  To date, those funds have not yet been distributed.

*AT&T II*, 2006 WL 69086, at *5-*6.

In *UnitedHealth*, Judge James Rosenbaum also "emphatically" denied their request for objector attorneys' fees:

> The remoras are loose again. The Court has received a motion from attorneys Edward Siegel [and] Edward Cochran ... (styling themselves "Objectors' Counsel"), seeking an award of fees. Their motion is emphatically denied .... These objectors have contributed nothing. Instead, in a pleading which may charitably be described as disingenuous, Objectors' Counsel argue they assisted the Court in finding class counsel's fee request unreasonable.... Their suggestion is laughable. If the Court may be permitted an egregious paraphrase of Winston S. Churchill: Seldom in the field of securities litigation was so little owed by so many to so few.... Their goal was, and is, to hijack as many dollars for themselves as they can wrest from a negotiated settlement.... Objectors' request and their motion ill-befit attorneys admitted to the bar. Accordingly, the Court holds, as a matter of fact and law, objectors have conferred no benefit whatsoever on the class or on the Court. ***Objectors' Counsel are entitled to an award equal to their contribution ... nothing***.

*In re UnitedHealth Group PSLRA Litig*, 643 F. Supp. 2d 1107, 1108-09 (D. Minn. 2009) (emphasis added).

A remarkable amount of federal authority critical of Objectors' counsel now exists and the *Manual for Complex Litigation (Fourth)*, §21.643 (2010), warns federal courts to be wary of objections motivated by self-interest rather than a desire to win significant improvements in a class action settlement. And courts repeatedly overrule their objections. *See, e.g., In re Bristol-Myers Squibb Sec. Litig*., No. 06-2964, 2007 U.S. Dist. LEXIS 18093, at *1 (3d Cir. July 27, 2007) (affirming District Court's denial of Siegel's objection to class action settlement); *Perez v. Asurion Corp*., 501 F. Supp. 2d 1360, 1379 (S.D. Fla. 2007) ("The Court did not find any of the papers filed by Objectors' Counsel [Nelson and Siegel] to be particularly helpful or to have conferred a benefit on the Class, as they were generic compilations of well-known case law and lacked specific application to this case. In short, they appeared to be standard form arguments filed in other cases."); *Varacallo v. Mass. Mut. Life Ins. Co*., 226 F.R.D. 207, 251 (D.N.J. 2005) (overruling Cochran's and Nelson's objection to class action settlement); *In re Auto. Refinishing*

*Paint Antitrust Litig.*, MDL No. 1426, 2004 U.S. Dist. LEXIS 29162, at \*13-\*16 (E.D. Pa. Oct. 13, 2004) ("The fact that [Siegel] has objected to this Fee Petition when neither [Siegel's client] nor [Siegel] ever filed a proof of claim raises serious questions. Apparently [Siegel's client] has chosen to object to the distribution of counsel fees from a fund in which it has no interest."); *In re Charter Commc'ns, Inc., Secs. Litig.*, 4:02-CV-1186 CAS, 2005 WL 4045741, at \*10 (E.D. Mo. June 30, 2005) (rejecting Siegel's objection); DE 67-2, p. 50 (*Fielder v. Credit Acceptance Corp.*, No. CV96-24285, 16th Cir. Div. 1 Mo. Sept. 6, 2007, regarding Nelson's motion to intervene, "The court does not intend to allow this class action litigation, which affects the rights of over 14,000 class members, to be derailed by uniformed or careless counsel who attempt to intervene at the eleventh hour.").

And yet, they don't stop because they continue to make a fortune for doing little work and providing no benefit to anyone but themselves. In this case, once again, their objections to the settlement were overruled. The Cochran Objectors, acknowledging that their objections were overruled, have already filed their notice of appeal. DE 78. Nonetheless, Objectors' counsel jointly seek attorneys' fees because they claim their objections "benefited" the class and their efforts as "devil's advocate" assisted the Court. DE 77, p. 2. They did not. The settlement was approved, the objections did not result in any amendments or supplements to the settlement, and the settlement's value is unchanged; both in terms of what individual class members will receive and in terms of the total settlement value. The Objectors have contributed nothing but delay, unnecessary cost and wasteful litigation – which they will continue with their appeals.[1]

---

[1]     The Court should not be fooled by the fact that only the Cochran Objectors filed a notice of appeal. Edward Cochran, Edward Siegel, Kenneth E. Nelson, Darrell Palmer and Sam P. Cannata routinely work together, and have agreements about how to divide up the spoils, regardless of who negotiates the pay-off.

The request for Objector attorneys' fees must also be denied because the Objectors claim credit and try to get fees for objections they did not make. There are only two points at issue. The first is the Court's clarification of the "total value" of the *cy pres* donated products, which was briefly raised by the Palmer Objector, but not clarified as Palmer requested. The Cochran and Nelson Objectors did ***not*** object to the value of donated product and cannot be paid for someone else's objection. The second point is the staged determination of Class Counsel's fees, a common practice in this type of litigation, and hardly one for which the Court needed an objection. This point was raised by the Nelson Objector only, yet again, presenting themselves as an indivisible trinity, the other objector groups seek payment for an objection they did not make. It is axiomatic that objector fees are not paid for objections not made.

In addition, the Joint Request should be denied because the Cochran and Palmer Objectors waived their right to seek fees, the hours and rates sought are unsupported and excessive, the costs sought are unsupported and improper, and the objectors are not entitled to incentive awards.

In short, the Objectors did not earn any fees and do not deserve any. An award of fees will not result in their appeal going away. It will only encourage them to return to this Court in a future case, with the very same frivolous objections.

## II.    THE COCHRAN AND PALMER OBJECTORS CANNOT SEEK ATTORNEYS' FEES

As a threshold matter, the only Objector who can properly request objector attorneys' fees is the Nelson Objector. The Nelson Objector properly informed the Court in his written objection that he would seek attorneys' fees. DE 57, p. 12. At the final approval hearing, his local counsel, Mr. Siegel, affirmed to the Court that the Nelson Objector sought attorneys' fees

and that he was the only objector to do so. Hearing Tr., p. 26.[2] The Court therefore gave the Nelson Objector one week to submit his request for attorneys' fees and supporting documentation. *Id.* pp. 27-28.

At the final approval hearing, Mr. Cochran informed the Court that he was ***not*** seeking attorneys' fees on behalf of the Cochran Objectors. *Id.* p. 26.

The Palmer Objector did ***not*** request attorneys' fees either in his written objections or at the final approval hearing. Any request for objector attorneys' fees should have been made in conjunction with the written objection. *See* DE 43 pp. 6-7.

Thus, the Cochran and Palmer Objectors have forfeited any right to seek court-ordered attorneys' fees because they did not properly request fees in their written objection and/or informed the Court on the record that they were not seeking attorneys' fees. On this basis alone, the Cochran and Palmer requests for fees must be denied.

## III. OBJECTOR ATTORNEYS' FEES MAY ONLY BE AWARDED ONLY IF THE SETTLEMENT IS SUBSTANTIALLY IMPROVED AS A RESULT OF THEIR OBJECTIONS

Reading the Joint Request, one would think that objectors are entitled to attorneys' fees merely because of "their presence." DE 77, p. 2. The Objectors go so far as to argue that the Court can find that their mere "presence improved the process and assisted the court in its scrutiny of the settlement," thereby justifying an almost $100,000 fee award. *Id.*, p. 5. At the hearing, Mr. Siegel claimed payment because "our feeling is that [] we contributed to the Court's understanding of the entire case and have helped clarify some things that were perhaps somewhat murky ...." Hearing Tr., pp. 26-27. The law is actually quite different.

---

[2] "Hearing Tr." is the Transcript of Proceedings Had Before the Honorable Judge Dan A. Polster, Judge of Said Court, and a Jury, on Wednesday, June 23rd, 2010, commencing at 12:00 O'Clock P.M.

"'[T]he cases in which objectors are awarded attorneys' fees are few and far between.'" *In re Cardinal Health, Inc. Securities Litig.*, 550 F. Supp. 2d 751, 754 (S.D. Ohio 2008) (quoting *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510, 513 (D. Del. 2003)). The presumption is that an objector to a class action settlement is ***not*** entitled to an award of attorneys' fees. *In re Rent-Way Secs. Litig.*, 305 F. Supp. 2d 491, 520 (W.D. Pa. 2003); *Spark*, 289 F. Supp. 2d at 513. This is because while there may be cases where objectors add value to the settlement process, many make "outlandish fee requests in return for doing virtually nothing." *Cardinal Health*, 550 F. Supp. 2d at 753. To be entitled to fees, the objector should significantly contribute to the settlement, which generally means the objection is sustained and the settlement finally approved is a product of the objection.

Accordingly, the Sixth Circuit, this district, and other courts restrict objector attorneys' fees to situations where the objector actually "provided a benefit to the class by virtue of their objection." *Lonardo v. Travelers Indemnity Co.*, No. 1:06-CV-962, 2010 U.S. Dist. LEXIS 73703 at *7 (N.D. Ohio, July 21, 2010). The benefit must be substantial, not marginal or speculative. *Spark*, 289 F. Supp. 2d at 514-15 (objector attorney fees are only awarded if objectors (i) expended large amounts of time, money and resources; (ii) aided the court considerably; and (iii) significantly benefited the class as a result of their objection). Generally, the objectors must actually change the settlement terms in a way that significantly benefits the class. *See In re Rent-Way*, 305 F. Supp. 2d at 520 (finding that objectors were not entitled to attorneys' fees when the change in the settlement was not premised on their objections); *see also Olden v. Gardner*, No. 07-1953, 2008 U.S. Dist. LEXIS 20092 at *32 (6th Cir. 2008) (objector attorneys' fees may be awarded only "if the work of counsel produced a beneficial result for the class.").

In addition, the substantial benefit must be "by virtue of the[] objection" actually made by the objector seeking the attorneys' fees. *Lonardo*, 2010 U.S. Dist. LEXIS 73703 at *7. Attorneys' fees are *not* awarded if the benefits are the result of objections of other class members or result from objections of the court itself. *Id.* at *8. In *Cardinal Health*, 550 F. Supp. 2d at 753-54, for example, the court acknowledged that certain state and public employee objectors played an important role that actually resulted in a significant savings to the class ($37 million). *Id.* at 753. These state and public employee objectors, however, did not seek attorneys' fees. But two other objectors attempted to piggy back on the change in the settlement achieved by the public objectors, claiming that it was their briefing and cross-examination of an expert witness that resulted in the benefit to the class. The fee request was denied. "Neither objector conferred any benefit whatsoever on the class or on these proceedings." *Id.* They merely referred the court to cases and studies that the court was already aware of or that were "marginally useful." *Id.* In short, an objector's mere presence or play as devil's advocate is not enough. The objection actually made must measurably result in a significant benefit to the class.[3]

---

[3]     Objectors incorrectly assert that they can be awarded attorneys' fees merely for their efforts as devil's advocate, even if they did not improve the settlement. DE 77, pp. 2-3. Their cases are inapposite. For example, in *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1327 (2d. Cir. 1990), objector attorney fees were awarded because objectors "conducted, to the benefit of the class, virtually all of the pre-trial discovery and motion practice, including motions for class certification. Its counsel were the only plaintiff attorneys who conducted the two-month trial, which resulted in a jury verdict that, through collateral estoppel, could have entitled the class to damages ... [and defendant] admitted that its decision to enter into a settlement agreement was motivated partly by its fear . . ." that collateral estoppel would be applied. *Id.* Objectors also "actively participated in the class settlement negotiations ... [and] the district court repeatedly commended the quality of [] [objectors'] legal representation." *Id.* In *Howes v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987), the court affirmed that only in exceptional circumstances are objectors awarded fees without showing their efforts resulted in a tangibly improved settlement. In *Howes*, the exceptional circumstances were that the court was concerned by the minimal settlement. The court's concerns however were alleviated because the objectors "pursued extensive discovery" that showed the settlement was not collusive in any manner. In *Fisher v. Proctor & Gamble Manufacturing Co.*, 613 F.2d 527, 547 (5th Cir. 1980) objectors' fees were upheld because objectors counsel participated in the trial and also opposed a consent decree which benefited the class.

## A. The Value of the Donated Products

The Cochran Objectors, the Palmer Objector and the Nelson Objector claim that they *each* objected to how the *cy pres* donated products would be valued (wholesale v. retail), and as a result of their objections, the Court "change[d] the manner in which Donated Products would be valued from retail as set forth in the Amended Stipulation." DE 77, p. 4. This is not true. The Palmer Objector (and no one else) pointed to an "ambiguity" (Palmer's term) in valuation of the donated product, which the parties and the Court then clarified in a manner different from that suggested by the Palmer Objector. DE 59, p. 3. Clarification of an ambiguity does not entitle the Palmer Objector to attorneys' fees.

### 1. The Palmer Objector

The Palmer Objector (Steven Cope) is the *only* objector who touched on the issue of how the donated products would be valued. DE 59, p. 3. Devoting a single paragraph to the issue, the Palmer Objector wrote that "the Settlement Agreement is ambiguous" because it states only the "total value" of the donated products. *Id.* The Palmer Objector asked the Court to clarify that the "total value" of the donated products would be wholesale, not retail value. *Id.*

As a result of this single paragraph, the Palmer Objector seeks $20,055 in attorneys' fees for 39.6 hours of work by the Law Offices of Darrell Palmer and $15,525 for 34.5 hours of work by the Law Offices of Edward F. Siegel. DE 77-1 and DE 77-6. The request should be denied.

First, the settlement did not substantially change as a result of the objection. At best, the Palmer Objector pointed to what he called an "ambiguous" term in the settlement. DE 59, p. 3. The Court and the parties agreed that the settlement "doesn't specify" how the donated products would be valued. Hearing Tr., p. 9. The Court then suggested that the settlement be clarified to reflect that the donated product would be "valued at a wholesale price with full credit to Dannon

for all of the distribution costs and administration costs that are associated with this process ...."
*Id.*, p. 12. This clarification was acceptable to the parties. *Id.*

Clarification of a term does not provide the substantial benefit or a substantial change in the settlement justifying a fee award. This situation was recently considered in *In re Resort Condominiums International*, LLC, No. 06-CV-1222(PGS), 2010 U.S. Dist. LEXIS 34565 at *4 (Dist. N.J. April 7, 2010). In *Resort Condominiums*, the court denied the objector attorneys' fees because though "all of the arguments of [] [the objector] were thoroughly considered, they did not meaningfully alter the settlement." *Id.* Instead, the change that resulted from the objection was "largely a 'clarification.'" *Id.* at 5.

Here as well, pointing the Court to one provision in a detailed and lengthy agreement did not meaningfully alter the settlement. Moreover, the Court did not clarify the provision as requested by the Palmer Objector. ***Rejecting*** the Objector's suggestion, the Court read "total value" to mean wholesale value plus all transportation and administrative costs. Ex. A, p. 12.[4]

Moreover, the discussion at the fairness hearing would have occurred regardless of Palmer. The parties and the Court will be addressing the product distribution in detail after the claims period closes, and after the objector appeals are resolved, as part of a later hearing to approve the parties' *cy pres* distribution plan. Palmer contributed nothing.

### 2. The Cochran Objectors

The Cochran Objectors want attorney fees for an objection they did not make. The Cochran Objectors misinform the Court, claiming that they also suggested that the donated

---

[4]     The Objectors' speculation on the value added by the clarification is entitled to no weight since they did not use the proper value for donated product, namely, wholesale plus all transportation and administration costs. DE 77, p. 5. Transportation and administrative costs are unknown at this time since Dannon does not have an established delivery chain or administrative system for delivery of its products to charities.

products should be valued at wholesale, not retail, and therefore they also are entitled to attorneys' fees. DE 77, p. 4.

The Cochran Objectors did not make this objection. The Cochran Objectors asked the Court to ***completely reject*** product donations and change the *cy pres* component to cash donations. DE 60, pp. 8-9. At the hearing, Mr. Cochran argued against product donations to food banks, and in favor of cash donations to the Better Business Bureau. Ex. A, p. 14 (Hearing Tr.). This objection was overruled. Ex. A, p. 10 (Hearing Tr.); *see also* Judgment, Final Order and Decree (DE 71, p. 4). Accordingly, the Cochran objection did not change the settlement and contributed nothing to the class. *Lonardo*, 2010 U.S. Dist. LEXIS 73703 at *8 (substantial benefit to the class justifying fees must be "by virtue of" the objectors' objection, not because of objections raised by other class members).

### 3.     The Nelson Objector

Try as one might, it is impossible to find that the Nelson Objector made any objection to the *cy pres* product donations. See DE 57. Product donations are not mentioned in his objection. The Nelson Objector's request to be paid attorneys' fees for an objection he did not make must be denied.

### B.     The Staging of Class Counsel's Fees

In its final order, the Court affirms that the efforts of plaintiff and his counsel produced a settlement that is fair, reasonable and adequate, and that Class Counsel is entitled to reasonable attorneys' fees and expenses. DE 71, p. 5. The Court awarded $7 million in fees plus expenses and will consider Class Counsel's request for an additional $3 million at conclusion of the claims process and submission of final fee and expense declarations. *Id.*

The Objectors' counsel now seek attorneys' fees for themselves on their speculation that the class may be benefited from the staggered determination of Class Counsel's fee award. DE 77, p. 4. The request should be denied.

First, that the determination of Class Counsel's fee award occurs in two stages does not change the settlement value or benefit an individual class member in any way. Regardless of what happens to the remaining attorneys' fees, the money paid to individual class members will not change. The monetary relief to class members is only contingent on their timely submission of a claim form, not the amount of attorneys' fees paid to Class Counsel. DE 42, pp.10-13. In addition, the overall value of the settlement will not change because of the two-stage fee determination. Regardless, the overall value of this settlement has a floor of $35 million and a cap of $45 million. *Id.*, pp. 7-8.

Second, once again, two of the objector groups (the Cochran Objectors and the Palmer Objector) seek to be paid for an objection they did not make. The Cochran Objectors contended the Class Counsels' fees could not be awarded based on a percentage of the common fund because this was not a "true" common fund case. Misreading the settlement, the Cochran Objectors argued that there is no common fund case because money not paid to class members through the claims process "will revert back into the pocket of Defendant." DE 60, pp. 5-6. This objection (and the mischaracterization of the settlement) was overruled and cannot be the basis of attorneys' fees to the Cochran Objectors. *See* Hearing Tr., p. 17 (where Court correctly stated that "under no circumstances will any reduction in attorneys fees inure to the benefit of Dannon.").

In his written objection, the Palmer Objector simply argued that the percentage of the common fund sought by Class Counsel in fees was too high. DE 59, pp. 3-4. This objection was overruled and cannot be the basis of attorneys' fees to the Palmer Objector.

Finally, objectors cannot take the credit for the Court furthering a procedure that has been done many times before, and is set forth in the *Manual for Complex Litigation (Fourth)* and other sources. *See, e.g., Manual for Complex Litigation (Fourth)*, §21.71; *see also In re Rent-Way*, 305 F. Supp. 2d at 520 (denying objector attorneys' fees because "irrespective of the objections, we would have arrived at the same fee award."). Staging attorneys' fees provides at best marginal benefit (if one assumes the lawyers would not have done their job otherwise), and certainly not a substantial benefit, as is required.

## IV. THE HOURLY RATES AND TIME EXPENDED ARE EXCESSIVE

The Joint Fee Request should also be denied because the rates and hours sought are unsubstantiated and excessive. First, though requesting almost a $100,000, Objectors' counsel did not bother to provide a foundation for or authenticate their time records. The Court has no way to know if the payment for the hours sought by the Objector attorneys is a true reflection of the hours actually worked as depicted in reliable business records. *See in contrast*, the declarations submitted in support of Class Counsels' fee request providing the proper foundation for time records and rates. DE 67-1, DE 67-3, DE 67-4, DE 67-6, DE 67-6, DE 67-7, DE 67-8 DE 67-9, DE 68. On this basis alone, the unauthenticated exhibits to the Joint Request should be stricken and the fees denied.

Second, Objectors' counsel did not bother to provide any evidence that the hourly rates they seek are reasonable, or submit any declarations testifying as to their skill, experience or the difficulty of the legal work performed. *Compare, e.g.*, detailed declaration submitted by

Timothy G. Blood describing his qualifications and detailing the legal work completed by Class Counsel in the litigation. DE 67-1.

In determining a reasonable hourly rate, the court may consider the party's declarations (none were provided here), awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar requests. *Mikolajczyk v. Boradspire Servs., Inc.*, 499 F. Supp. 2d 958, 965 (N.D. Ohio, 2007). All we know of these attorneys is that they filed the boilerplate objections that they have filed countless times before. They have demonstrated no lawyering skill or talent. There is simply no basis for the award here.

Nonetheless, Mr. Palmer (a lawyer previously suspended by the California State Bar) wants $595 per hour, Mr. Cochran, Mr. Nelson and Mr. Siegel each seek $450 per hour and Mr. Cannata wants $250 per hour for basically performing clerical work of re-filing objections that are virtual carbon copies of the objections they have filed in case after case across the country. *See* DE 67-1, Ex. 1 (compilation of examples where Objectors' counsel filed objections to settlements on the same grounds asserted here).

Nor can the Objectors' attorneys claim rates comparable to Class Counsels' rates. By the time Objectors filed their canned objections, the settlement had preliminary approval in the Ohio court and the hard work requiring significant legal skills (the discovery, depositions, motion practice, class certification, and mediation with Judge Tevrizian – all of which occurred in California) were completed. As stated by Judge O'Malley in *Lonardo*, "[Objector's counsel] investment of time and risk of non-recovery are almost insignificant when compared to Class Counsel's. Their roles are qualitatively different. Ultimately, it is not fair to compare [Objector's Counsel's] role as counsel for an objector in this case to Class Counsel's central role as the architect of the lawsuit and the settlement class." 2010 U.S. Dist. LEXIS 73703 at *31.

*See also Perez*, 501 F. Supp. 2d at 1379 (where court limited objectors' fee application to Mr. Siegel only (excluding Nelson) and to Siegel's actual travel expenses and actual time at the final approval hearing); *Frankenstein v. McCrory Corp.*, 425 F. Supp. 762, 767 (S.D.N.Y. 1977) (where court found $69.00 per hour was a reasonable hourly rate for objector attorneys).

## V.     A MULTIPLIER IS NOT APPROPRIATE

Objectors' counsel ask the Court to enhance their excessive lodestar by a 1.5 multiplier "to reflect the risk assumed by such counsel, as this matter was taken on a contingency basis ...." DE 77, p. 5-6. This is even higher than the 1.4 multiplier Class Counsel had at the time of the hearing. DE 67, p. 35. (Of course, Class Counsel will not actually receive a 1.4 multiplier. Even if Class Counsel are ultimately awarded the full amount of fees sought, by that time their multiplier will significantly decrease as Class Counsel oversee the claims process and now conduct the work required to defend the settlement on appeal.

Objectors' counsel are not entitled to a multiplier. By its very nature, a multiplier is a bonus to the attorneys, compensating them beyond what they would otherwise have earned from a paying client. To be entitled to a bonus, Objectors' counsel must show that an enhancement is justified under the six-factor test set forth in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). The factors are:

(a)     the value of the benefit rendered to the class;

(b)     society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(c)     whether the services were undertaken on a contingent fee basis;

(d)     the value of the services on an hourly basis;

(e)     the complexity of the litigation; and

(f)     the professional skill and standing of all counsel.

*Id.* at 1196.

Objectors' counsel seek a multiplier (far higher than Class Counsel will receive) based solely on their unsubstantiated claim that they are working on a contingency basis and may not get paid for filing their canned and baseless objections that were overruled. DE 77, p. 6. This is laughably insufficient to support a multiplier. In the words of Judge O'Malley, "Simply put, a multiplier is not necessary or appropriate given [] [the objectors'] very limited role in this litigation and, again, the fact that [objector's counsel's] work was straight-forward ...." *Lonardo*, 2010 U.S. Dist. LEXIS 73703 at 35.

## VI. THE EXPENSES SOUGHT BY OBJECTORS' ATTORNEYS SHOULD BE DENIED

Objectors' attorneys seek $200 in expenses "relating to *pro hac* filing fees." DE 77, p. 6. These costs must be denied. First, the billing records provided by Objectors' counsel only show a $100 *pro hac* admission fee paid by Mr. Nelson, not a $200 fee. DE 77-4. Second, "*pro hac vice* fees are generally not recoverable, and their award disfavored." *Lonardo*, 2010 U.S. Dist. LEXIS at *37. *See also Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986) (it is the court's prerogative to determine whether to award costs).

## VII. THE OBJECTORS SHOULD NOT BE AWARDED INCENTIVE FEES

Incentive awards acknowledge the extensive time and effort on behalf of the class that distinguishes a class representative from an ordinary class member. *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003). In *Lonardo*, 2010 U.S. Dist. LEXIS 73703 at *28, Judge O'Malley awarded the objector the "nominal sum of $500.00 as an incentive award." The award was nominal because although the objector provided an affidavit stating that he "voluntarily involved himself in a case impacting over 400,000 class members," there was no evidence of any further involvement with the litigation.

Here, there is no evidence, no affidavit and no declaration from a single objector showing that they spent any time or effort on the case at all. Absent evidence of even nominal involvement in this case, the Objectors are not entitled to incentive fees.

## VIII. CONCLUSION

For the reasons set forth above, plaintiff and the appointed class representative respectfully requests that the Joint Request for Attorneys' Fees and Incentive Awards be denied.

Respectfully submitted,

DATED: August 2, 2010

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

_____s/Timothy G. Blood_____
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
cobrien@rgrdlaw.com

LAW OFFICE OF JONATHAN M. STEIN
JONATHAN M. STEIN
102 E. Palmetto Park Road, Suite 420
Boca Raton, FL 33432
Telephone: 561/961-2244
561/750-5964 (fax)
jstein@jonathansteinlaw.com

THE PISCITELLI LAW FIRM
FRANK PISCITELLI
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)
frank@piscitellilaw.com

CLIMACO, WILCOX, PECA, TARANTINO
& GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
sdsimp@climacolaw.com
dmcupp@climacolaw.com
pwarn@climacolaw.com

SHEPHERD FINKELMAN MILLER
& SHAH, LLP
JAYNE A. GOLDSTEIN
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)
jgoldstein@sfmslaw.com

00020557

17

GILMAN AND PASTOR, LLP
DAVID PASTOR
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617/742-9700
617/742-9701 (fax)
dpastor@gilmanpastor.com

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
PAMELA GILBERT
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)
jonc@cuneolaw.com
pamelag@cuneolaw.com

EMERSON POYNTER LLP
SCOTT E. POYNTER
500 President Clinton Ave., Ste. 305
Little Rock, AR 72201
Telephone: 501/907-2555
501/907-2556( fax)
scott@emersonpoynter.com

SCOTT KALISH CO., L.L.C.
D. SCOTT KALISH
1468 West 9th Street, Suite 405
Cleveland, OH 44113
Telephone: 216/502-0570
scottkalishcollc@cs.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 2, 2010.

s/Timothy G. Blood
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com