UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE DANNON COMPANY, INC.,<br><br>Defendant. | No. CV-08-236<br><br>CLASS ACTION<br><br>JUDGE DAN A. POLSTER |

DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF
PLAINTIFF/APPELLEE'S MOTION FOR A BOND TO SECURE PAYMENT
OF COSTS AND ATTORNEYS' FEES ON APPEAL

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

CLIMACO, WILCOX, PECA, TARANTINO
& GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)

I, TIMOTHY G. BLOOD, declare as follows:

1. I am the managing partner of the law firm of Blood Hurst & O'Reardon, LLP. My firm serves as one of class counsel for the plaintiff and the Settlement Class in the above-captioned litigation and as attorneys of record for the plaintiffs in the related actions.[1] I have personal knowledge of the matters set forth, and if called as a witness, would be competent to testify to them.

2. Beginning in the mid-1990s, I have been involved in cases in which, at various times, Edward Cochran, Francis Sweeney, Edward Siegel, Darrell Palmer, Kenneth Nelson and others associated with Mr. Cochran and Mr. Siegel have objected to class-action settlements.

3. My first experience with Mr. Cochran and others came in the mid-1990s in the so-called "vanishing premium" life insurance market conduct cases. In a number of those cases, including cases involving American General-related insurance companies, Mr. Cochran and his colleagues filed objections to class-action settlements which were overruled. They then appealed or threatened to appeal the court rulings, after which they approached the parties seeking payment in return for dismissals of the appeals. Typically, either a defendant anxious to put the matter behind it, or counsel for the class, after expending large amounts of time and money litigating the case over a long period of time, would succumb to the demands of these objectors and pay them money. Mr. Cochran and his colleagues have objected to dozens of class action settlements from which they extracted money, while making no change or only a nominal change to the settlement terms. The types of cases range from securities cases, to consumer protection

---

[1] All capitalized terms not defined herein shall have the same meanings set forth in the Amended Stipulation of Settlement, filed January 20, 2010 ("Stipulation" or "Settlement") (Docket Entry ("D.E.") No. 42) and the Stipulation of Amendment to Settlement and Order, entered May 24, 2010 (D.E. No. 56).

cases, to antitrust cases and others. Cases range from high-profile cases such as litigation arising out of the Enron securities fraud to more obscure cases.

4.  Currently, Messrs. Sweeney, Cannata and Siegel have objected to the settlement reached in *In re Mattel, Inc. Toy Lead Paint Prods. Liab. Litig.*, Case No. 2:07-ml-1897, MDL No. 1897 (C.D. Cal. Dec. 27, 2007). After the Honorable Dale S. Fischer overruled their objections and entered final judgment, Mr. Sweeney and Mr. Siegel appealed. *See* Ex. 1. After Judge Fischer granted class counsel's motion for attorneys' fees, Mr. Sweeney and Mr. Siegel filed an amended notice of appeal. *See* Ex. 2.

5.  Mr. Siegel and Mr. Cochran are also currently objecting to the settlement in *In re Initial Pub. Offering Sec. Litig.*, Case No. 1:21-mc-00092 (S.D.N.Y. Aug. 9, 2001). The Honorable Shira A. Scheindlin overruled their objections, and they appealed. Thereafter, Judge Scheindlin approved plaintiffs' motion for an appellate bond. In the order, Judge Schiendlin wrote, referring to Mr. Cochran and Mr. Siegel collectively as Siegel:

> Lending further support to the conclusion that at least, Greene, Siegel, Pentz, and Weinstein are appealing the October 5 Opinion and Order in bad faith is their outright refusal to comply with this Court's Orders. In connection with plaintiffs' motion, this Court ordered the Objectors' attorneys – over their objection – to provides responses to four specific questions.... Greene, Siegel, Pentz, and Weinstein argued that the requests are "not proper" and "did not merit a response." Such conduct is sanctionable under Rule 37 of the Federal Rules of Civil Procedure. Therefore, an adverse inference may be drawn against Greene, Siegel, Pentz, and Weinstein. I note, however, that there is sufficient evidence to conclude that these four Objector groups are represented by serial objectors even without drawing a negative inference.

*Initial Pub. Offering.*, 2010 U.S. Dist. LEXIS 62968, at *14. Nevertheless, Mr. Siegel and Mr. Cochran refused to comply with the court order requiring them to post an appeal bond. *See In re Initial Pub. Offering Sec. Litig.*, Case 1:21-MC-00092 (S.D.N.Y. July 7, 2010), attached as Ex. 3.

6. Attached as Exhibit 4 is a true and correct copy of an order filed May 25, 2010, in *In re Wal-Mart Wage and Hour Emp't Practice Litig.*, MDL No. 1735 (D. Nev. Feb. 27, 2006), sanctioning Mr. Cochran $10,000 for failure to comply with that court's appeal bond order. Also attached as Exhibit 5 is a true and correct copy of the Affidavit of Robert J. Bonsignore in Support of Plaintiffs' Motion for Imposition of Sanctions Against Objector Fatima Andrews and her Counsel John Pentz and Edward Cochran, filed in *In re Wal-Mart*, which details Mr. Cochran's client's failure to appear at a deposition order by this court. They have appealed the Court's order approving the class action settlement.

7. Mr. Cochran and Mr. Siegel also recently appealed the approval of the class action settlement in *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D.N.Y. Aug. 23, 2001). The Honorable William H. Pauley, III overruled their objections, and they appealed. *See* Ex. 6.

8. Mr. Padgett objected in *Zwicker v. Gen. Motors Corp.*, MDL No. 1896 (W.D. WA Feb. 23, 2007). Attached as Exhibit 7 is a true and correct copy of a November 3, 2008 letter to the court in *Zwicker* in which he stated he intended to attend the class action settlement fairness hearing, but became unable to do so. He filed a similar letter in this case. Attached as Exhibit 11 is a true and correct copy of the June 18, 2010 letter to the court in this case.

9. On August 3, 2010, I had a telephone conversation with Kim Stephens, one of the lawyers representing the plaintiff class in *Zwicker*. Mr. Stephens confirmed what I reviewed in the docket: Mr. Padgett filed an objection (and an unsuccessful motion to intervene), the objection was overruled and Mr. Padgett filed a notice of appeal. According to Mr. Stephens, Mr. Padgett subsequently dismissed his appeal in return for a monetary payment made to him by plaintiff's counsel. A true and correct copy of the dismissal is attached as Exhibit 8.

10. Mr. Padgett also objected to the settlement in *In re Mattel*. His objection was also recently overruled and he has filed a notice of appeal. *See* Ex. 9.

11. At my direction, I instructed an investigator to conduct a real property search to determine if Mr. Padgett owns any property in the County of Angelina, Texas, where Mr. Padgett resides. That search revealed that Mr. Padgett owns three houses in Lufkin, Texas, located at 123 Martin Luther King Drive, 910 McGregor and 1329 Choppin Road.

12. On August 3, 2010, I visited the website of the law firm of Cooper & Elliott, and captured pages from its website. The website address is http://cooperelliott.com. True and correct copies of selected pages from this Website are attached as Exhibit 10. On these pages, Cooper & Elliott represents that "over the past four years, Cooper & Elliott's verdicts are consistently among the highest verdicts in the State of Ohio," and that they have received "$5,999,100 in physical abuse case," "$6,000,000, the largest verdict in an auto accident in Franklin County history," "$4,900,000 awarded in breach of real estate contract case," and "$2,700,000 settlement in excessive force assault by Circleville police officers."

13. Since June 2010, my co-counsel (primarily Patrick Warner) made repeated attempts through email and by telephone to contact Mr. Cooper, but Mr. Cooper has not responded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 6th day of August, 2010, at San Diego, California.

                                                          s/Timothy G. Blood
                                                          TIMOTHY G. BLOOD