UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case No. 1:08-cv-00236 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CLASS ACTION |
| THE DANNON COMPANY, INC., | ) ) | |
| Defendant. | ) | Judge Dan Aaron Polster |

**JOINT REPLY OF OBJECTORS IN SUPPORT
OF THEIR PETITION FOR ATTORNEYS'
FEES AND INCENTIVE AWARDS**

The Objectors filed their Joint Request for Attorneys' Fees and Incentive Awards on July 15, 2010. On August 02, 2010, both Class Counsel and The Dannon Company filed Briefs in Opposition to said requests. In reply to those Briefs, Objectors direct the Court's attention to the following:

1. The *ad hominen* attacks by Class Counsel are not helpful, or even appropriate, to an examination of Objectors Fee Petition. The relevant inquiry is the involvement of Objector's counsel in the process of this class action settlement, and not other class actions and other settlements that have nothing to do with this case. See <u>Vollmer v. Selden</u>, 350 F. 3d 656 (7th Cir. 2003). Such *ad hominem* attacks show more about the motives of class counsel than of Objectors and their counsel. Objectors will not further burden this Court with competing *ad hominem* attack and defense.

2. Even though Cochran and Palmer did not request attorney fees in their filed Objections (and even though Cochran confirmed this at the Fairness Hearing), they are entitled to join in the Fee Petitions because:

(A) there is no requirement that a filed Objection contain a fee request; if the

results of the Objection justify a fee request, the attorneys have fourteen (14) days from the Court Order approving the settlement in which to request their fees (or such other date, as here, as is set by the Court).  See *Civil Rule 54 (d) (2);*

(B)  as was pointed out in the Objectors' Motion for Extension of Time in which to file their fee request, Cochran and Palmer wanted to wait until the effect of their objections were fully known (the increased amount of charitable deduction and/or the decreased amount of attorneys' fees) before filing their fee request because, they argued, only later when those amounts are determined will the Court be able to quantify the impact of the objections.  However, the Court denied the Motion for an Extension and required that all fee petitions be filed by July 15,2010.  Since the Court ordered that Objectors' Fee Petitions be filed by such date, Cochran and Palmer do not have the option of waiting.  Their previous intention to wait until the impact of the objections could be better quantified does not preclude them from seeking their fees within the date set by the Court.

3.  All of the objectors brought to the Court's attention in their objections the fact that the *cy pres* donations of yogurt product should not be valued at "retail" but at some lesser amount.  In his objection, Cochran alluded to the unfairness of "marking up" the wholesale price of yogurt 30 to 40 percent to calculate the dollar value of the *cy pres* contribution.  In fact, the so-called Cochran objectors actually referred to a rough quantitative amount (30 to 40 percent) by which the *cy pres* donation would be undervalued if the retail price were utilized.  Prior to these objections, it was "presumed" by all parties other than objectors that the value of the *cy pres* product would be calculated using the retail price.

4.  The "staging" of the fees, now required by the Court, is a benefit in itself

2

to the Class.  This provides the objectors and other class members an opportunity to examine the three million dollar "marginal amount" that may yet be awarded as fees to Class Counsel after the settlement process is more complete. Furthermore, after the claims process is complete,  the true benefit of the Objectors to the class can be calculated.

Class Counsel addresses this issue in their Brief as if they were already willing and prepared to "stage their fees" and were only waiting for someone to suggest that.  In fact, they ardently opposed any such delay in their fees; it is only the objectors who requested such staging of fees.

5.     Class counsel also point out that any reduction in attorneys' fees would not necessarily benefit any specific class member or increase the amount he or she receives.  That may be technically true, but they are ignoring the fact that any reduction in attorneys' fees will, in fact, increase the amount of the *cy pres* distribution.  If legal fees are reduced by the Court in the amount of one million dollars, then the *cy pres* distribution will increase by one million dollars.  (In addition, that amount will be calculated at the wholesale cost (plus transportation, etc.) rather than the retail price)

6.     As to the hourly rates to be applied, the Court should apply whatever number it believes to be reasonable.  As background, the Court is informed that Mr. Cochran is a graduate of Harvard College and Columbia Law School and has been practicing law for thirty-five years.  The attorneys who graduated from law school with him in 1975 and who are working at the larger law firms in town (Mr. Cochran has worked at Squire Sanders & Dempsey and Benesch, Friedlander Coplan & Aronoff ) are billing at rates roughly equivalent to the $450.00 an hour charged by Mr. Cochran.

Mr. Siegel is a graduate of Columbia College and Case Western Reserve Law

School (Order of the Coif) and has been practicing law for more than thirty-five years. He began his career at Squire Sanders & Dempsey a few years before Mr. Cochran. The rates that he charges are comparable to those charged by his peers.

Mr. Nelson has extensive experience with federal court and class actions due to the fact that he spent several years as a federal law clerk. Subsequently, he practiced in the litigation department Kansas City's largest law firm, and has worked for the federal government in his varied 26-year career. He has participated in dozens of class actions over the past 12 years, as class counsel and as counsel for objectors. His rate is far below that which usually is charged by class counsel with comparable years of experience.

Mr. Palmer received his J.D. from California Western School of Law in 1986, a Diploma in Taxation from the University of San Diego School of Law in 1988 and an LLM in Tort Litigation from University of San Diego School of Law in 1990. He has been involved in numerous class action cases in various cpacities. He is currently general counsel to an international public company and previously served as general counsel and associate counsel to two other technology companies where he managed all litigation matters.

    Respectfully submitted,

    /s/ Edward F. Siegel
Edward F. Siegel (Ohio Bar 0012912)
27600 Chagrin Blvd., Suite 340
Cleveland OH 44122
(216) 831-3424
(216) 831-6584 fax
efsiegel@efs-law.com

**CERTIFICATE OF SERVICE**

4

5

I certify that a copy of the foregoing was filed with the Court's electronic system on this 9th day of August, 2010 and was by such system filed on all other counsel of record.

By: /s/ Edward F. Siegel