UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situation<br><br>Plaintiff,<br><br>v.<br><br>THE DANNON COMPANY, INC.,<br><br>Defendant. | Case No. CV-08-236<br><br>JUDGE DAN A. POLSTER<br><br>RESPONSE TO CLASS COUNSEL'S REQUEST FOR BOND REQUIREMENT |

### RESPONSE TO CLASS COUNSEL'S MOTION FOR APPEAL BOND

I, Clyde F. Padgett, a member of the class in this case, file this response to class counsel's Motion for Bond, and in support of my response, I respectfully show the Court as follows:

1. Class counsel recently filed a motion for appeal bond requesting the Court to require me to post a bond for $275,000.00, in order to exercise my right to appeal. This is clearly an attempt by class counsel to strip me of my fundamental right to appeal. The case law on which class counsel relies instructs that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." Azizian v. Federated Department Stores, Inc., 499 F.3d 950 (9th Cir. 2007); Adsani v. Miller, 139 F.3d 67 (2d Cir. 1998). For the reasons set forth below, I respectfully request the Court to deny in class counsel's unfounded motion for a bond.

2. I am a resident of the State of Texas. Nonetheless, class counsel argues that an Ohio statute is the applicable fee-shifting statute providing a basis for an appeal bond. This argument ignores the fact that Texas law should govern my case. There is no basis for class counsel's argument that Ohio law applies to me, a Texas resident, in a case pending in this

1

federal court. Class counsel has failed to raise any fee-shifting statute under Texas law. Accordingly, class counsel's attempt to deprive my right to appeal should be rejected.

3. Also, class counsel's request for an appeal bond based on the Ohio statute is inappropriate because this case was settled, not tried to a verdict. The provision of the Ohio statute regarding the award of attorney's fees to a prevailing plaintiff only applies when a court disposes of the case by a judgment, not when the parties settle the case. In this case, class counsel and Dannon settled the case and did not try the case to a verdict. For this reason, the requested bond is also inappropriate.

4. In a case class counsel cites in support of a bond, Azizian v. Federated Department Stores, Inc., 499 F.3d 950 (9th Cir. 2007), the court ruled "that the district court erred when it included anticipated appellate attorney's fees in its calculation of the amount of the Rule 7 bond." The court also ruled that attorneys' fees should not be included in a bond when the party appealing is not the defendant. Azizian ("Thus, a district court can order only a losing defendant —the party that has violated antitrust laws — to pay attorney's fees under Section 4."). The court stated the following:

> While the interests of an antitrust settlement class member who challenges the settlement on appeal may well be adverse to the interests of a class member who supports it, both remain the alleged victims, rather than perpetrators, of the claimed antitrust injury. Ordering one class member to pay other class members' appellate attorney's fees because of a disagreement about the propriety of settlement would not serve the purpose of Section 4 to penalize and deter those who have violated the antitrust laws. Thus, even assuming, arguendo, that Plaintiffs-Appellees are otherwise eligible to collect fees under Section 4, they could not collect them from (class action objectors).

For these reasons, class counsel's request for an appeal bond should be denied.

5. Finally, I am financially unable to post the bond requested by class counsel. The requested bond is many times my yearly income. Any bond requirement would require me to

drop my appeal and relinquish my fundamental right to appeal. This is wrong and should not be supported by this Court. According to the <u>Azizian</u> ruling:

> Requiring security for anticipated appellate attorney's fees under Rule 7 may be improper, notwithstanding an applicable fee-shifting provision, where other factors, such as financial hardship, indicate that the bond would unduly burden a party's right to appeal.

In short, I believe my appeal raises serious issues of the settlement's reasonableness, fairness, and adequacy. My appeal presents very serious questions about the appropriateness of the settlement. Class counsel fails to rebut my objections in their motion. This is because my objections are well founded and my appeal is a far cry from "bad-faith", as class counsel contends. As such, my appeal should go forward unhampered by the unconscionable bond proposed by class counsel.

     6.    I also note that class counsel's representations about me in its motion are distorted and incorrect. For example, class counsel tells this Court that I own three homes in Angelina County, Texas. That is inaccurate and incorrect. I own a single home and it is my residence. It is a very modest residence. I am far from a wealthy individual, as class counsel would have the Court believe. Instead, as I previously informed the Court, I live on a modest, single income, as my wife was recently laid off and is undergoing expensive cancer treatments. The proposed bond is far more than the value of my home, and it is far more than I make in a year.

     WHEREFORE, I respectfully request that the Court deny class counsel's Motion for Bond, and allow my appeal to properly proceed.

     Date: August 26, 2010.

Respectfully submitted,

*[signature]*

CLYDE FARREL PADGETT, Pro Se
910 McGregor
Lufkin, Texas 75904
(936) 676-8296

## CERTIFICATE OF SERVICE

I certify this document was sent to the following counsel of record by U.S. Postal Service:

<u>Plaintiff's Counsel</u>

**Timothy G. Blood**
Blood Hurst & O'Reardon LLP
600 "B" Street, Suite. 1550
San Diego, CA 92101

<u>Defendant's Counsel</u>

**Angel A. Garganta**
Arnold & Porter - San Francisco
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111

_____
Clyde Farrel Padgett