UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and the Certified Class of Similarly Situated Individuals, | Case No. 1:08-CV-00236 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| v. | |
| THE DANNON COMPANY, INC., | |
| Defendant. | |

**REPLY OF PLAINTIFF JAMES GEMELAS AND CLASS MEMBERS TO OBJECTOR CLYDE F. PADGETT'S RESPONSE TO CLASS COUNSEL'S MOTION FOR APPEAL BOND AND/OR, IN THE ALTERNATIVE, REQUEST FOR AN ORDER OF EXPEDITED DISCOVERY**

Plaintiff, James Gemelas ("Gemelas"), for and on behalf of the Class certified by this Honorable Court, submits this Reply to Clyde F. Padgett's ("Objector Padgett") Response to Class Counsel's Motion for an Appeal Bond ("Objector Padgett's Response"). Gemelas requests this Honorable Court to immediately grant Plaintiff's Motion for a $275,000 Appeal Bond.

However, in the alternative, Mr. Gemelas requests an order allowing him expedited discovery necessary to permit Class Counsel to establish that Objector Padgett is capable of paying the cost of the requested bond. The requested expedited discovery will include a handful of requests for production of documents and things, interrogatories, requests for admissions and Objector Padgett's deposition. Objector Padgett can choose September 3, 4, 5, 8, or 9, 2010 for his deposition at a convenient location in Lufkin, Texas, Objector Padgett's hometown.

**MEMORANDUM IN SUPPORT OF REPLY OF PLAINTIFF JAMES GEMELAS AND CLASS MEMBERS TO OBJECTOR CLYDE F. PADGETT'S RESPONSE TO CLASS COUNSEL'S MOTION FOR APPEAL BOND AND/OR, IN THE ALTERNATIVE, REQUEST FOR AN ORDER OF EXPEDITED DISCOVERY**

**I. LEGAL PRECEDENT SUPPORTS THE REQUESTED BOND**

Appellate Rule 7 provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

Rule 7 is designed to "protect the right of appellees" brought into a court of appeals by appellants that pose a risk of non-payment of the appellees' costs.[1] A district court may also impose a bond in an amount to cover attorneys' fees likely to be incurred on appeal where, as here, there is a fee shifting provision in the underlying action.[2]

The amount of the requested bond is appropriate and Objector Padgett has failed to provide any evidence of his inability to pay. Accordingly, Plaintiff and Class Members are entitled to the requested $275,000 bond.

In determining whether to require a bond and the amount of the bond, this Honorable Court should also examine the merits of Objector Padgett's appeal. The court should primarily take into account the high likelihood that Objector Padgett's appeal will be unsuccessful.[3] "An approved settlement will not be upset unless the district court has abused its discretion."[4]

---

[1] See, *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998); accord *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 818 (6th Cir. 2004). The authority to impose a bond and to determine its amount lies squarely with the district court's discretion. *Adsani*, 139 F.3d. at 79; *In re Cardizem*, 391 F.3d at 818, citing *Federal Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 757 (D.C. Cir. 1980); see also, Fed. R. App. P. 7 Advisory Committee's Note, 1979 Amendment.
[2] *In Re Cardizem,* 391 F.3d at 818.
[3] *See, e.g., In re Cardizem,* 391 F.3d at 817-18.
[4] *Bailey v. Great Lakes Canning, Inc.,* 908 F.2d 38, 42 (6th Cir. 1990).

Therefore, Objector Padgett will be required to demonstrate that this Honorable Court abused its discretion in finding that the proposed settlement is fair, adequate and reasonable.[5]

Here there is a well-established record that Objector Padgett's appeal is taken for an improper purpose and Objector Padgett's appeal will not succeed. Objector Padgett makes such frivolous and false arguments as: (1) Dannon offered the settlement relief before the lawsuit was filed; (2) although he thinks the injunctive relief is good, it should be for a longer period; (3) class counsel's fees are too much because the case was not litigated; and (4) Dannon did not admit liability as part of the settlement. These objections are baseless on their face; and number one (1) is blatantly false.

This Honorable Court should also include attorneys' fees in its calculation of the requested bond. Objector Padgett incorrectly objects to the inclusion of attorney's fees in the calculation of the amount of the bond. However, where a fee-shifting statute provides the underlying cause of action to a case, as in the present case, it is well established that the amount of the bond should include attorney's fees.[6] The Second Circuit has held that "[i]nclusion of attorneys fees in a Rule 7 bond does not offend Rule 39 than inclusion of any other costs does."[7] The Adsani Court also held that inclusion of attorneys fees is not "inconsistent 28 U.S.C. section 1920, which grants, permissively, a judge or clerk of court the power to tax certain enumerated costs."[8] Given that the amount of the bond is appropriate, Objector Padgett's assertion that he is unable to post the bond must be supported by sufficient evidence of his inability to pay. In

---

[5] *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983).
[6] *In re Cardizem CD Antitrust Lit.,* 391 F.3d 812 (6th Cir. 2004)(prospective administrative costs and attorney fees could be included as part of the appeal bond required to be posted by objector in antitrust class action, where class member had originally brought individual suit under Tennessee consumer protection statute, which permitted award of attorney fees and damages to a prevailing defendants.) *In re Nasdaq Market-Makers Antitrust Litigation*, 187 F.R.D. 124, 128 (S.D. N.Y. 1999)(bond included attorney fees).
[7] *Adsani v. Miller,* 139 F. 3d 67, 74 (2nd Cir. 1998).
[8] *Id.* at 74.

3

addition to pure litigation expenses, courts have discretion to impose appeal bonds to prevent frivolous, unreasonable or groundless litigation or where there is an underlying fee shifting provision.[9] Objector Padgett has appealed for the very purpose that has been condemned by courts across the country and in the *Manual for Complex Litigation (Fourth).* Ohio Revised Code § 1345.01 *et seq.* is a fee shifting statute that permits the inclusion of attorneys' fees in calculating the amount of the bond. This act contains a statutory fee shifting provision.[10] Therefore, a bond should be required to cover plaintiff's attorneys' fees on appeal.[11] Further, there is a significant risk that objector Objector Padgett will not pay the appellee's costs should he lose his appeal.

Finally, in addition to satisfying the above criteria, "there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions."[12] Professional objectors such as Objector Padgett should not be encouraged to continue holding up valuable settlements for class members by filing frivolous appeals. Indeed, Objector Padgett is consistently appealing class action settlements, despite the fact he claims insufficient resources to post appellate bonds. He is presently appealing the denial of his objection in *In Re: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation,* United States District Court, Eastern District of Wisconsin, MDL No. 1999. In that case, he employs the same *modus operandi,* by filing an *Objection to Proposed Class Action Settlement and Notice of Intention to Appear at the Fairness Hearing* claiming that the plaintiffs' attorneys are settling for too little and getting paid too much, and then sending the court a letter claiming that he cannot

---

[9] *In re Cardizem,* 391 F.3d at 818 (fee shifting statute).
[10] *See* Ohio Revised Code Chapter § 1345.09(F)(2).
[11] *In re Cardizem,* 391 F.3d at 818; *accord Farris v. Standard Fire Ins. Co.,* 280 Fed Appx. 486, 489 (6th Cir. 2008)("[T]he district court did not abuse its discretion in ordering prospective attorneys' fees to be included in the bond, and the order is therefore affirmed.")
[12] *In re Pharm. Ind.,* 520 F. Supp. 2d 274, 279 (D. Mass 2007).

4

appear at the fairness hearing.[13]

Therefore, Gemelas requests this Honorable Court to immediately require Objector Padgett to post the requested $275,000 bond.

## II. IN THE ALTERNATIVE, DISCOVERY IS NECESSARY RELATIVE TO OBJECTOR PADGETT'S INABILITY TO PAY

Should this Honorable Court decide that prior to deciding on the Bond amount that discovery of Objector Padgett's financial condition is necessary, Gemelas is prepared to depose Objector Padgett in an expedited fashion on the dates and location suggested.

Objector Padgett makes allegations in his Response that require verification through discovery. Although Objector Padgett's inability to pay the requested bond is not supported by evidence and that alone is sufficient to reject his argument of inability to pay. Therefore, Plaintiff and Class Members should be given the immediate opportunity to demonstrate that Objector Padgett is in fact able to pay the requested bond. Objector Padgett asserts that he is unable to post the requested bond because "the requested bond is many times my yearly income."[14] However, he fails to list his assets. Since Objector Padgett's ability to post the requested bond is brought into question by this assertion, it is necessary to conduct discovery in order to prove Objector Padgett is able to post the requested bond. Bare assertions of inability to pay are not sufficient to avoid payment of a bond by an objector to a settlement who desires to appeal the settlement and delay provision of relief to the Class.[15] Objector Padgett failed to aver or provide any evidence that despite his level of income he has assets that can support the requested bond.

---

[13] Exhibit 1 *Objection to Proposed Class Action Settlement and Notice of Intention to Appear at the Fairness Hearing*; Exhibit 2, Letter to Hon. Lynn Adelman dated June 18, 2010.
[14] Padgett Response ¶ 5.
[15] *Fleury, et al. v. Richemont North America, Inc.,* C-05-4525 EMC, 2008 WL 4680022, *7 (N.D. Cal. Oct. 21, 2008)(failure to provide more than mere assertion of inability to pay as evidence of inability to pay bond weighed in favor of bond); *In re Cardizem,* at 818 (failure to propose alternative or provide evidence bond was improper resulted in dismissal of appeal).

Plaintiff and Class Members request that the Court allow their counsel to conduct a brief deposition of Objector Padgett on either September 3, 4, 5, 8, or 9 or 10, 2010 in LukinLufkin, Texas, the site of Objector Padgett's residence. In addition, Gemelas should be allowed to make requests for production of documents and things, interrogatories and requests for admissions that are to be immediately answered by Objector Padgett. This expedited discovery would permit Plaintiff and Class Members to properly and thoroughly examine Objector Padgett's ability to post the requested bond.

### III. OBJECTOR PADGETT HAS FAILED TO PROVIDE ANY EVIDENCE OF HIS INABILITY TO POST THE REQUESTED BOND

Bare assertions of inability to pay are not sufficient to avoid payment of a bond by an objector to a settlement who desires to appeal the settlement and delay provision of relief to the Class.[16] Objector Padgett failed to aver or provide any evidence that despite his level of income he has assets that can support the requested bond. Objector Padgett merely asserts that he is unable to post the requested bond as it is more than his annual income. However, Objector Padgett fails to provide any evidence of this inability, such as tax returns and other documents to support his inability to pay the requested bond. Finally, he also fails to provide a listing of his assets and their value. Accordingly, Objector Padgett's argument that he is unable to post the requested bond should be rejected.

### III. CONCLUSION

Based on the foregoing analysis and the Named Plaintiff and Class Members request that their Motion for an Appeal Bond be granted, or in the alternative, that this Honorable Court order expedited discovery so that Class Members may prove Objector Padgett is able to post the

---

[16] *Fleury, et al. v. Richemont North America, Inc.,* C-05-4525 EMC, 2008 WL 4680022, *7 (N.D. Cal. Oct. 21, 2008)(failure to provide more than mere assertion of inability to pay as evidence of inability to pay bond weighed in favor of bond); *In re Cardizem,* at 818 (failure to propose alternative or provide evidence bond was improper resulted in dismissal of appeal).

requested bond.

                Respectfully submitted,

Dated: August 30, 2010       CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLI CO., L.P.A.

                */s/ John R. Climaco*
                JOHN R. CLIMACO
                SCOTT D. SIMPKINS
                DAVID M. CUPPAGE
                PATRICK G. WARNER (0064604)
                55 Public Square, Suite 1950
                Cleveland, OH 44113
                Telephone: 216/621-8484
                216/771-1632 (fax)
                jrclim@climacolaw.com
                sdsimp@climacolaw.com
                dmcupp@climacolaw.com
                pgwarn@climacolaw.com

                PISCITELLI LAW FIRM
                FRANK E. PISCITELLI, JR. (0062128)
                55 Public Square, Suite 1950
                Cleveland, OH 44113
                Telephone: 216/931-7000
                216/931-9925 (fax)
                frank@feplaw.comfrank@piscitellilaw.com

                BLOOD HURST & O'REARDON LLP
                TIMOTHY G. BLOOD
                LESLIE E. HURST
                THOMAS J. O'REARDON II
                600 B Street, Suite 1550
                San Diego, CA 92101
                Telephone: 619/338-1100
                619/338-1101 (fax)
                tblood@bholaw.com
                leslieh@bholaw.com
                toreardon@bholaw.com

                ROBBINS GELLER RUDMAN & DOWD LLP
                JONATHAN M. STEIN
                CULLIN A. O'BRIEN
                120 East Palmetto Park Road, Suite 500
                Boca Raton, FL 33432
                Telephone: 561/750-3000
                561/750-3364 (fax)
                jstein@rgrdlaw.com
                cobrien@rgrdlaw.com

SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
JAYNE A. GOLDSTEIN
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)
jgoldstein@sfmslaw.com

SCOTT KALISH CO., L.L.C.
D. SCOTT KALISH
1468 West 9th Street, Suite 405
Cleveland, OH 44113
Telephone: 216/502-0570
scottkalishcollc@cs.com

GILMAN AND PASTOR, LLP
DAVID PASTOR
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617/742-9700
617/742-9701 (fax)
dpastor@gilmanpastor.com

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
PAMELA GILBERT
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)
jonc@cuneolaw.com
pamelag@cuneolaw.com

EMERSON POYNTER LLP
SCOTT E. POYNTER
500 President Clinton Avenue, Suite 305
Little Rock, AR 72201
Telephone: 501/907-2555
501/907-2556 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 30, 2010.

/s/ John R. Climaco