# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, on behalf of himself and the Certified Class of similarly situated individuals, | Case No. 1:08 CV 236 |
| | Judge Dan Aaron Polster |
| Plaintiffs, | **MEMORANDUM OF OPINION AND ORDER** |
| vs. | |
| THE DANNON CO., INC., | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for a Bond to Secure Payment of Costs and Attorneys' Fees on Appeal (**Doc #: 87**) and, in the alternative, Class Counsel's Request for an Order of Expedited Discovery (**Doc #: 95**). Therein, Plaintiff James Gemelas, on behalf of the Class, asks the Court for an order requiring the sole purported classmember appealing this Court's ruling approving the parties' class action settlement, Clyde Farrel Padgett, to post an appellate bond in the amount of $275,000 – consisting of $25,000 for the pure litigation costs component of the bond and $250,000 for the appellees' attorneys' fees component. For reasons discussed below, the Court hereby **GRANTS** Plaintiff's Motion for a Bond to Secure Payment of Costs and Attorneys' Fees on Appeal (**Doc #: 87**), and **GRANTS** Class Counsel's Request for an Order of Expedited Discovery (**Doc #: 95**) as set forth below, in order for the Court to determine an appropriate amount for the appeal bond.

**I.**

Appellate Rule 7 provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

Rule 7 is designed to "protect the right of appellees." *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998); *In re Cardizen CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004). The district court's decision to impose a bond and to determine its amount lies within the district court's discretion. *Adsani*, 139 F.3d at 79, *In re Cardizem*, 391 F.3d at 818 (citation omitted). In deciding whether to impose a Rule 7 bond, courts typically consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct. *See Tri-Star Pictures, Inc. v. Unger*, 32 F.Supp.2d 144, 147-150 (S.D.N.Y. 1999). Where an appeal is taken in bad faith, a district court may also exercise its discretion to impose a bond amount for attorneys' fees likely to be incurred on appeal. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959-60 (9th Cir. 2007); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1202-03 (11th Cir. 2005). A district court may also impose a bond in an amount to cover attorneys' fees likely to be incurred on appeal where there is a fee-shifting provision in the underlying action. *In re Cardizem*, 391 F.3d at 818. Ohio Revised Code § 1345.09(F)(2), an underlying statute in this case, contains a fee-shifting provision.

**II.**

The Court shall impose an appeal bond on Mr. Padgett, and is presently inclined to impose an appeal bond in the requested amount of $275,000 for the following reasons.

Since May of 2007, various plaintiffs and their counsel have investigated and engaged in hard fought and protracted litigation against Dannon to enjoin and correct Dannon's alleged false and misleading promotion of certain yogurt products, ultimately achieving a settlement in the minimum amount of $35 million. The only objections to the settlement were lodged by what now appear to be "serial objectors." These objectors appealed the Court's ruling finding that the parties" settlement is fair, reasonable and adequate. The only remaining purported class member appealing this $35 million settlement is Clyde Farrel Padgett.

Plaintiffs have undertaken a cursory investigation of Mr. Padgett and believe that he has the financial ability to pay the bond. Their investigation reveals that Mr. Padgett owns three homes. Mr. Padgett denies this. Additionally, Plaintiffs have shown that this is the <u>fourth</u> class action of which he claims to be a class member, has filed rote objections, does not appear at the fairness hearing and then appeals the district courts' rulings granting final approval for class action settlements. It costs $450 to file an appeal. He apparently has the funds to appeal class action settlements.

The Court finds that Padgett's appeal is meritless. His task on appeal is proving that this Court abused its discretion when concluding that the parties' settlement was fair adequate and reasonable. In his objection in this case, Padgett argued that the Court should not approve the settlement because:

(1) "The proposed settlement provides no additional relief than that which Dannon previously voluntarily offered before the lawsuit was filed;"

(2) "Dannon is only required to accurately represent its products for three years;"

(3) "The requested attorneys' fees are unreasonable, unjust and unwarranted;" and

(4) "An incentive award in this case is inappropriate."

-3-

(See Doc #: 61.) In an entirely separate class action, Mr. Padgett lodged what now appear to be "form objections" with only minor changes in the headings and arguments to make them applicable to the defendant (Mattel, Inc.) in that case:

> (1) "The proposed settlement provides no additional relief than that which Mattel previously voluntarily offered during the recall before the lawsuit was filed;"
>
> (2) "The Defendant is only required to safety test its defective and dangerous toys for three years;"
>
> (3) "The requested attorneys' fees are unreasonable, unjust, and unwarranted;" and
>
> (4) "An incentive award in this case is inappropriate."

(*See In re Mattel, Inc., Toy Lead Paint Prod. Liab. Litig.*, Case No. 1:07-ml-01897-DSF-AJW, Doc #: 240.) In short, Mr. Padgett appears to be making a business of objecting to, and appealing, class action settlements in order to obtain some financial reward. As this appears to be a "form appeal" for Mr. Padgett, the Court finds that it is devoid of merit.

Mr. Padgett objects to the inclusion of attorneys' fees in the calculation of the bond amount. Where, as here, a fee-shifting statute provides the underlying cause of action, the amount of bond should include the attorneys' fees. See O.R.C. § 1345.09(F)(2). The Court finds that $250,000 is an appropriate amount of attorney fees for fighting Mr. Padgett's appeal. The only question is whether he is able to pay it. Furthermore, courts have discretion to impose appeal bonds to prevent frivolous, unreasonable or groundless litigation. *In re Cardizen*, 391 F.3d at 818. The Court finds Mr. Padgett's appeal to be frivolous, unreasonable and groundless.

Finally, "there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions." *In re Pharm. Inc.*, 520 F.Supp.2d 274, 279 (D. Mass. 2007).

Serial objectors such as Mr. Padgett should not be encouraged to continue holding up valuable settlements for class members by filing frivolous appeals.

### III.

For all these reasons, the Court finds that imposing a bond on Mr. Padgett's appeal is entirely appropriate. Thus, the Court **GRANTS** the Motion for Bond (**Doc #: 87**). The Court is inclined to impose an appeal bond in the requested amount of $275,000. However, in consideration of Mr. Padgett's response to Class Counsel's Motion for Bond (Doc #: 94) and before making the final determination on the appropriate amount, the Court hereby **GRANTS** Class Counsel's Motion for an Order of Expedited Discovery as well (**Doc #: 95**). As noted by Class Counsel, the requested discovery will entail a handful of requests for production of documents and things, interrogatories, requests for admissions and Mr. Padgett's deposition. The deposition shall take place at a location convenient to Mr. Padgett in his hometown of Lufkin, Texas, on one of the following dates: September 3, 4, 5, 8 or 9 of 2010.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     August 31, 2010*
**Dan Aaron Polster
United States District Judge**