UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE DANNON COMPANY, INC.,<br><br>Defendant. | No. 1:08-cv-00236<br><br>CLASS ACTION<br><br>Judge Dan Aaron Polster |

STIPULATION AND [PROPOSED] ORDER AMENDING

INJUNCTIVE RELIEF PROVISIONS

The parties submit this Stipulation and [Proposed] Order to amend Paragraph IV(B)(1)(a) and (b) of the Amended Stipulation of Settlement filed January 20, 2010, and amended on May 24, 2010 ("Settlement Agreement"), to amend the injunctive relief provisions to conform to the injunctive relief that The Dannon Company, Inc. ("Dannon") agreed to with the Federal Trade Commission ("FTC") and certain state Attorneys General ("AGs").

WHEREAS, on June 24, 2010, the Court approved the Judgment, Final Order and Decree, which approved the Settlement Agreement,

WHEREAS, Paragraph XI.G of the Settlement Agreement permits the parties to amend or modify the Settlement Agreement by a written instrument signed by a designee of Class Counsel and any of Defendant's Counsel,

WHEREAS, Paragraph IV.B(3)(a) of the Settlement Agreement provides that if a term or provision of the Settlement Agreement is in conflict or inconsistent with a Consent Decree, judicial decree, Closing Letter or other memorialized understanding between Dannon and specified government entities, relating to the advertising or promotion of the Products, "the equitable relief obtained by the [g]overnment [e]ntity shall govern" and Dannon shall be required to comply with it,

WHEREAS, Dannon has agreed with the FTC as well as certain state Attorneys Generals to make changes to its advertising and labeling of Activia® branded products and DanActive® branded products,

THEREFOR, the parties propose to amend the Settlement Agreement to read as follows:

    1.    Add to Paragraph IV(B)(1)(a): "Notwithstanding the foregoing, Dannon can represent that Activia® yogurt products relieve temporary irregularity or help with

slow intestinal transit time if the representation is non-misleading and conveys that eating three servings a day is required to obtain the benefit, and otherwise complies with the Agreement Containing Consent Order, entered into between The Dannon Company, Inc. and the Federal Trade Commission."

2. Amend Paragraph IV(B)(1)(b) to read: "Qualify the claim that Activia® branded products 'helps regulate the digestive system' with the explanatory statement 'when eaten daily for two weeks as part of a balanced diet and healthy lifestyle,' or similar communication that reasonably conveys the same meaning. On the product, this qualifier shall be made on the external back of the product label, packaging over-wrap, or a similarly prominent location. In television commercials, on point of purchase displays, on websites, in medical marketing materials and in print advertising, this qualifier shall be prominently displayed in the super (to the extent applicable and subject to reasonable space limitations). The use of the phrase 'helps regulate the digestive system' as qualified above may only be used if the labels, packaging, advertising, or commercials do not convey that the advertised product relieves temporary irregularity or helps with slow intestinal transit time and that Dannon complies with the substantiation standards set forth in Part IV of the Agreement Containing Consent Order, entered into between The Dannon Company, Inc. and the Federal Trade Commission."

WEST:30707078v1
A/73626455.2/3007966-0000330878

The Judgment, Final Order and Decree shall be and is hereby modified to reflect the foregoing Stipulated Amendment. Pursuant to Section XI(G) of the Settlement Agreement, notice to the Settlement Class shall not be required.

IT IS SO ORDERED.

Dated: January 7, 2011

_____
THE HONORABLE DAN A. POLSTER
UNITED STATES DISTRICT JUDGE

AGREED AND ACCEPTED:

*Timothy G. Blood, by [signature] per authorization*

Timothy G. Blood
BLOOD HURST & O'REARDON LLP
600 B Street, Suite 1550
San Diego, CA 92101
Tel: (619) 338-1100
Fax: (619) 338-1101
tblood@bholaw.com

John R. Climaco
CLIMACO, LEFKOWITZ, PECA,
WILCOX & GAROFOLI CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, OH 44113
Tel: (216) 621-8484
Fax: (216) 771-1632
jrclim@climacolaw.com

Jonathan M. Stein
LAW OFFICE OF JONATHAN M. STEIN, P.L.
120 East Palmetto Park Road, Suite 420
Boca Raton, FL 33432
Tel: (561) 961-2244
jstein@jonathansteinlaw.com

Cullin O'Brien
ROBBINS, GELLER, RUDMAN
  & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
Fax: (561) 750-3364
cobrien@rgrdlaw.com

Frank E. Piscitelli, Jr.
PISCITELLI LAW FIRM
55 Public Square, Suite 1950
Cleveland, OH 44113
Tel: (216) 931-7000
Fax: (216) 931-9925
frank@piscitellilaw.com

Attorneys for Plaintiff

WEST:30707078v1
A/73626455.2/3007966-0000330878

*/s/ Michael N. Ungar*
Michael N. Ungar
David D. Yeagley
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113
Tel: (216) 583-7000
Fax: (216) 583-7001
mungar@ulmer.com
dyeagley@ulmer.com

Bruce A. Friedman, *pro hac vice*
BINGHAM McCUTCHEN LLP
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA 90404-4060
Tel: (310) 907-1000
Fax: (310) 907-2000
bruce.friedman@bingham.com

Angel A. Garganta, *pro hac vice*
Beth H. Parker, *pro hac vice*
ARNOLD & PORTER LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111-3823
Tel: (415) 356-3000
Fax: (415) 356-3099
angel.garganta@aporter.com
beth.parker@aporter.com

Attorneys for Defendant

WEST:30707078v1
A/73626455.2/3007966-0000330878