UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>THE DANNON COMPANY, INC.,<br><br>      Defendant. | No. CV-08-236<br><br><u>CLASS ACTION</u><br><br>JUDGE DAN A. POLSTER |

**PLAINTIFF'S MOTION FOR
PAYMENTS TO ELIGIBLE CLAIMANTS AND
APPROVAL OF *CY PRES* DISTRIBUTION PLAN**

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)

[Additional Counsel Appear on Signature Page.]

Plaintiff James Gemelas, for and on behalf of the Class, moves this Court for an order directing the Class Action Settlement Administrator to make payments to approximately 22,600 additional eligible Claimants and approving the *Cy Pres* Distribution Plan attached as Exhibit A.[1]

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

By this motion, Plaintiff seeks an order from the Court directing the Class Action Settlement Administrator to pay 22,671 additional Claimants in an amount totaling $340,065. The Class Action Settlement Administrator has made payments to hundreds of thousands of Claimants from the Settlement Fund. However, in overseeing the claim review process, the Parties agree that 22,671 claims were initially improperly denied in whole or in part by the Class Action Settlement Administrator and should be paid. Payment of these claims which will complete the claims process and the excess money remaining in the Net Settlement Fund will thereafter be distributed as Product Donations by Dannon pursuant to Settlement's *cy pres* provision.

Plaintiff also seeks an order approving the attached *cy pres* distribution plan and approving Feeding America as the *cy pres* recipient. Feeding America was jointly selected by the Parties. Upon approval of the *cy pres* recipient and the *cy pres* distribution plan, Dannon can begin Product Donations. The Product Donations to Feeding America will complete and fully implement the Settlement.

### II. PAYMENTS TO THE REMAINING ELIGIBLE CLAIMANTS

Pursuant to the Stipulation of Settlement, all Settlement Class Members who submitted a Claim Form and provided his or her name and mailing address were eligible for the minimum $15 cash payment. Failure to provide all information requested on the Claim Form (e.g., purchase dates, purchase costs, product names) would not result in nonpayment of the claim.

---

[1] Unless defined otherwise, all terms used herein shall have the same meanings as set forth in the Amended Stipulation of Settlement dated January 21, 2010, as further amended on May 20 2010 (the "Settlement" or "Stipulation of Settlement"). D.E. Nos. 42 and 54, respectively.

Instead, the Class Action Settlement Administrator was to take all adequate and customary steps to determine the Settlement Class Member's eligibility for payment and the amount of the payment. D.E. No. 54 (Stipulation of Settlement), at §IV.A.(5)(b).

The Class Action Settlement Administrator initially rejected or paid less than $15 on the claims of approximately 22,671 Settlement Class Members. The reasons varied, but essentially not enough information was provided to establish a claim in an amount of $15 and could not reasonably be obtained from the Settlement Class Member. In some cases, for instance, small, odd dollar amounts appeared to be written on the claim form that did not comport with any price for which the products were sold. All of these claims otherwise appear to be legitimate. Therefore, the Settling Parties (with the concurrence of the Class Action Settlement Administrator) have agreed that these claims should not have been denied or paid such small amounts and instead each should be paid $15, for a total payment of approximately $340,065. There is ample cash remaining in the Net Settlement Fund to pay these 22,671 eligible claims.

### III. THE *CY PRES* RECIPIENT AND *CY PRES* DISTRIBUTION PLAN

Pursuant to the Stipulation of Settlement, the money remaining in the Net Settlement Fund shall be donated in the form of Product Donations to a charity selected by the Settling Parties and approved by the Court. The charity selected shall be one that helps feed the poor in the United States. D.E. No. 54 (Stipulation of Settlement), at §IV.A.(3)(a).

The Settling Parties have agreed upon and hereby request that the Court approve Feeding America as the *cy pres* recipient. Feeding America is the nation's leading domestic hunger-relief charity, with more than 200 member food banks serving all 50 states, the District of Columbia and Puerto Rico. Annually, Feeding America distributes 3 billion pounds of donated food and strives to distribute a range of wholesome and nutritious foods, including dairy products. Feeding America can readily fulfill the requirement of distributing the Product Donations on a nationwide basis. Attached as Exhibit B-D hereto are documents describing Feeding America. *See also* http://feedingamerica.org and Declaration of Andrea Yao ("Yao Decl.")(counsel and corporate secretary at Feeding America) filed concurrently herewith.

Class Counsel also requests that the Court approve the *Cy Pres* Distribution Plan attached hereto as Exhibit A. Class Counsel drafted the proposed *Cy Pres* Distribution Plan in consultation and with substantial assistance from Feeding America. Yao Decl., ¶13. The *Cy Pres* Distribution Plan specifies the timing, size, delivery location, and product variations based upon Feeding America's current needs, which in turn are driven by how food banks receive and distribute food, as well as Feeding America's capacity and distribution capabilities. *Id.*, ¶13(a)-(d). According to Feeding America, each component of the Distribution Plan is "critically important to ensuring the best use and distribution of" the Product Donations. *Id.*, ¶13. It also fulfills Class Counsel's and the Court's obligation to ensure that the *cy pres* payment in this nationwide class is distributed nationwide.

Feeding America asks to be provided a maximum of 125 truckloads per month (it cannot handle a larger number and a much smaller number is inefficient and costly). On this schedule, the Product Donations from Dannon to Feeding America will be completed in approximately 18 months. Ex. A, ¶ C; Yao Decl. ¶13(a). In addition, Feeding America requires that the Products have a minimum of 35 days of use from the date the Products are shipped to Feeding America. Ex. A, ¶E; Yao Decl., ¶13(d). Absent a 35 day use period, the Product may go to waste before it can be distributed to end users.[2] The *Cy Pres* Distribution Plan also requires Dannon to pay the costs of delivering the Product Donations to Feeding America's member food banks or distribution centers, in accordance with the Court's order. See Ex. A, ¶C; D.E. No. 71, ¶12 (Judgment, Final Order and Decree).

Additionally, the Settling Parties request that the definition of Product for purposes of the Product Donations be expanded to include "any commercially sold Dannon dairy product." Ex. A, ¶E. "Products" is currently defined in the Stipulation of Settlement as Dannon's Activia or DanActive food products, including any variations, formats or line extensions thereof. D.E. No.

---

[2] On April 6, 2011, Class Counsel sent this proposed distributed plan to defense counsel. Though repeatedly asked, Dannon has neither approved nor disapproved of the proposed *Cy Pres* Distribution Plan.

54 (Stipulation of Settlement) at §II.A.(20). However, Feeding America has requested, and the Settling Parties have agreed to, a broader array of Dannon products because product variety allows its clients the dignity of choosing food to their tastes and also aids in providing the needs of pickier clients, such as children. Yao Decl., ¶¶10, 13 (c).

### IV. CONCLUSION

For the foregoing reasons, Class Counsel requests that this Court enter an order: (1) directing the Class Action Settlement Administrator to make $340,065 in cash payments from the Net Settlement Fund to reimburse the 22,671 additional eligible Claimants, and (2) approving Feeding America as the *cy pres* recipient and directing that the Product Donations be made to Feeding America pursuant to the terms of the proposed *Cy Pres* Distribution Plan.

Respectfully submitted,

DATED: June 29, 2011
BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

s/Timothy G. Blood
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
cobrien@rgrdlaw.com

        PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)
frank@feplaw.com

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
sdsimp@climacolaw.com
dmcupp@climacolaw.com
pwarn@climacolaw.com

LAW OFFICE OF JONATHAN M. STEIN
JONATHAN M. STEIN
102 E. Palmetto Park Road, Suite 420
Boca Raton, FL 33432
Telephone: 561/961-2244
561/750-5964 (fax)
jstein@jonathansteinlaw.com

SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
JAYNE A. GOLDSTEIN
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)
jgoldstein@sfmslaw.com

GILMAN AND PASTOR, LLP
DAVID PASTOR
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617/742-9700
617/742-9701 (fax)
dpastor@gilmanpastor.com

                CUNEO GILBERT & LaDUCA, L.L.P.
                JONATHAN W. CUNEO
                PAMELA GILBERT
                507 C Street, N.E.
                Washington, DC 20002
                Telephone: 202/789-3960
                202/789-1813 (fax)
                jonc@cuneolaw.com
                pamelag@cuneolaw.com

                EMERSON POYNTER LLP
                SCOTT E. POYNTER
                500 President Clinton Ave., Ste. 305
                Little Rock, AR 72201
                Telephone: 501/907-2555
                501/907-2556( fax)
                scott@emersonpoynter.com

                SCOTT KALISH CO., L.L.C.
                D. SCOTT KALISH
                1468 West 9th Street, Suite 405
                Cleveland, OH 44113
                Telephone: 216/502-0570
                scottkalishcollc@cs.com

                Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 29, 2011.

s/Timothy G. Blood

TIMOTHY G. BLOOD
BLOOD HURST & O'REARDON, LLP
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com