UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE DANNON COMPANY, INC.,<br><br>    Defendant. | No. CV-08-236<br><br>CLASS ACTION<br><br>JUDGE DAN A. POLSTER |

**PLAINTIFF'S SUPPLEMENTAL UNOPPOSED REQUEST
FOR ATTORNEYS' FEES AND EXPENSES**

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)

[Additional Counsel Appear on Signature Page.]

00032051

Plaintiff and Class Representative, James Gemelas, on behalf of himself and each of the Settlement Class Members, submits this request for the payment of the remaining $3 million in attorneys' fees and reimbursement of an additional $23,049.62 in expenses. Pursuant to the Stipulation of Settlement, these fees and expenses will be paid by The Dannon Company, Inc. ("Dannon"). Dannon does not oppose the requested fees and reasonable expenses.

**I.     Introduction**

As part of his motion for final approval of the class action settlement, Plaintiff sought $10 million in attorneys' fees and expenses to compensate the law firms that contributed to achieving the largest class settlement ever involving food products. D.E. No. 67 at 31-40. Dannon did not oppose the requested fees in the amount of $10 million nor the reimbursement of expenses in the amount of $600,000. Indeed, the fees and expenses resulted from arm's-length negotiations between the parties. D.E. No. 67-1 at ¶72.

After the final approval hearing, which included hearing on and overruling the objections to the attorneys' fees, the Court staggered the fee award ordering that $7 million in fees and $598,578 in expenses were immediately awarded with the remaining $3 million in fees and additional expenses to be requested following the conclusion of the settlement claims process. D.E. No. 71 at 6.

The claims process is now complete and the *cy pres* remainder will be distributed to the selected charity, Feed America, upon approval by the Court. Plaintiff therefore now requests an award of the remaining $3 million in attorney fees and $23,049 in additional expenses incurred.

**II.    Even Absent the Work Done By Plaintiff's Counsel to Implement the Settlement, the Fee Request Is Reasonable**

Close to a year ago, in his final approval papers, plaintiff explained to the Court why the $10 million fee award was fair and reasonable in this case even if the Court were to only

consider counsel's work up to June 2010. The work done and the results achieved by Plaintiff's Counsel fully justifies a $10 million award because the fees sought even as of last June would result in a lodestar multiplier of just 1.4. D.E. No. 67 at 35. This is because of the enormous effort taken by Plaintiff's Counsel to litigate the Dannon Lawsuits and achieve the settlement. By way of example only (the details of the extensive work are part of the record),[1] as of last June, plaintiff's counsel worked 16,200 hours of attorney time, valued at over $7 million in lodestar. D.E. No. 67 at 38. This work included:

- Successfully opposing Dannon's MDL petition to consolidate and coordinate the Dannon Lawsuits (D.E. No. 67-1 at ¶42);
- At least six contested discovery-related motions (*id.* at ¶¶19-43);
- Review of 934,214 pages of documents produced by Dannon (*id*. at ¶5);
- Pursuit of seven subpoenas and review of 28,024 pages obtained from the subpoenaed third parties (*id.* at ¶¶48-54);
- Preparation for the depositions of 15 Dannon employees (including, over objection, Dannon's CEO) (*id.* at ¶¶44-47);
- Two Freedom of Information Act requests (*id*. at ¶¶55-56);
- A motion for class certification which resulted in a published opinion finding that common issues predominated under Rule 23(b)(3) (*id.* at ¶¶61-67);
- Consultation with experts in accounting, marketing, science and medicine, and with scientists studying similar claims in Europe (*id. at* 54, 63-64, 69-70, 78);
- Meeting with the Federal Trade Commission (*id.* at 77-78); and
- Over two years of settlement negotiations, which involved additional meetings and testimony from scientific experts (*id.* at ¶¶68-85).

---

[1] The previous work of Plaintiff's Counsel was detailed in the attorney declarations accompanying Plaintiff's Motion for Final Approval of Settlement. D.E. Nos. 67-1 thru 67-9, and 68.

00032051

### III.  The Work Performed to Implement the Settlement is Further Justification for Awarding the Remaining Fees and Expenses

Since obtaining final approval of settlement, Plaintiff's Counsel have expended significant time and expense first protecting the settlement from the objectors and appellants, and thereafter implementing the settlement for the benefit of the class.  Since June 2010, Plaintiff's Counsel report spending over 1,278 hours on these efforts and incurred over $23,000 in additional expenses.  *See* concurrently filed supplemental declarations of Plaintiffs' Counsel.  Such efforts include:

- Obtaining an appeal bond and expedited discovery from certain professional objectors that threatened to hold up the settlement implementation, and ultimately, with the Court's assistance, obtaining a dismissal of all appeals; (D.E. Nos. 87-88, 90-91, 96, 101-103);

- Opposing certain objectors' request for fees, expenses and incentive awards (D.E. Nos. 77, 83);

- Meeting with the FTC and state Attorneys General regarding their actions and proposed injunctive relief (Supp. Blood Decl. ¶5);

- With the Court's guidance, amending the settlement's injunctive relief provisions in order to coordinate with the injunctive relief obtained by Attorneys General (D.E. Nos. 105, 107-110);

- Responding to hundreds of class members' questions regarding the settlement and claim review (Supp. Blood Decl. ¶¶1, 6);

- Overseeing the claim review process and working to ensure that all eligible claims were paid (*id.* at ¶6); and

- Meeting with Dannon and Feed America to create a detailed *Cy Pres* Distribution Plan to be presented to the Court for approval (*id.* at ¶¶1, 7).

00032051

3

In short, over the last year, Plaintiff's Counsel have spent an additional 1,278 hours and have incurred over $23,000 in out-of-pocket expenses to ensure the smooth implementation of this settlement. Thus, to date, Plaintiff's Counsel have expended an approximate aggregate 17,485 hours, valued at over $7,675,098 in resolving the Dannon Lawsuits, resulting in a very modest multiplier on their lodestar of just 1.3.[2]

### IV. Courts Give Substantial Deference to Agreements between Parties Concerning Fees in Class Action Settlements

Agreed-to awards of attorneys' fees in class action settlements are highly favored. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1982). To be sure, the virtue of a fee negotiated by parties at arm's length is that it is, essentially, a market-set price resulting from opposing interests. Defendant has an interest in minimizing the fee; plaintiff's counsel has an interest in maximizing fees; and the negotiators are informed by the parties' knowledge of the work done and result achieved and their views on what the court may award if the matter were litigated.

In *In re Continental Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992), Judge Posner of the Seventh Circuit endorsed a market-based approach to evaluating fee requests. Judge Posner wrote: "[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *Id*. at 568. "Markets know market values better than judges do." *Id.* at 570. "The object in awarding a reasonable attorney's fee . . . is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible." *Id*. at 572. This is exactly what occurred in this vigorously litigated settlement.

---

[2] As set forth in Plaintiff's motion for final approval and attorneys' fees and expenses, the fee requested is also reasonable when considered under the percentage of fund analysis and common benefit doctrine. D.E. No. 67 at 21-28.

The court in *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL No. 901, 1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992), echoed Judge Posner's reasoning in awarding a negotiated fee of $8 million. As the *First Capital* court noted:

> The fee was negotiated at arm's length with sophisticated defendants by the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. Where there is such arm's length negotiation and there is no evidence of self-dealing or disabling conflict of interest, the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation. *Id.* at *13

The rationale espoused by Judge Posner, and the *First Capital* court applies here. Defendant sought to minimize the attorney fees that it must pay. Defendant's counsel had a keen interest in negotiating the smallest amount their client would have to pay. Class Counsel, on the other hand, after negotiating this historical settlement, wished to receive full compensation, as the law encourages, for undertaking the risks involved and devoting the substantial resources and skill necessary to successfully overcome Defendant's positions and bring this case to a successful conclusion.

The fee requested in this motion was negotiated at arm's length by sophisticated counsel familiar with the case, the risks for both sides, the nature and result obtained for the Class, the customary fees awarded by courts in similar types of cases, and the magnitude of the fee the Court may award if the matter were litigated. Thus, this Honorable Court should give the agreed-upon fee deference in analyzing the reasonableness of Class Counsel's motion for fees.

As negotiated and agreed upon, a fee award resulting in a multiplier of 1.3 is fully warranted and well within the range of accepted awards. Especially considering Class Counsel's efforts which resulted in this historical $35 million Class Action Settlement. *See Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 U.S. Dist. LEXIS 7829, at *35-36 (S.D.

Ohio Jan. 25, 2011) (approving 2.39 multiplier as within the range of approved multipliers of 2.0 and 5.0).  *In re Oral Sodium Phosphate Solution-Based Prods. Liab. Litig.*, MDL Docket 2066, Case No. 1:09-sp-80000, 2010 U.S. Dist. LEXIS 128371, at *28 (N.D. Ohio Dec. 6, 2010).[3]

**V.     Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that the Court award them the remainder of the fees requested in the amount of $3 million as well as reimbursement of the additional out of pocket expenses incurred in the amount of $23,049.62.

DATED:  June 30, 2011                              BLOOD HURST & O'REARDON LLP
                                                                                              TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II


                                                            s/Timothy G. Blood
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
cobrien@rgrdlaw.com

---

[3] This Court's opinion was filed and remains under seal.  Class Counsel John R. Climaco, who is Liaison Counsel in Oral Sodium MDL No. 2066, appreciates that this Honorable Court recognizes the significance of opposing counsel agreeing on fees and expenses.

00032051

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
216/931-9925 (fax)
frank@feplaw.com

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
sdsimp@climacolaw.com
dmcupp@climacolaw.com
pwarn@climacolaw.com

LAW OFFICE OF JONATHAN M. STEIN
JONATHAN M. STEIN
102 E. Palmetto Park Road, Suite 420
Boca Raton, FL 33432
Telephone: 561/961-2244
561/750-5964 (fax)
jstein@jonathansteinlaw.com

SHEPHERD FINKELMAN MILLER
  & SHAH, LLP
JAYNE A. GOLDSTEIN
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)
jgoldstein@sfmslaw.com

GILMAN AND PASTOR, LLP
DAVID PASTOR
63 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Telephone:  617/742-9700
617/742-9701 (fax)
dpastor@gilmanpastor.com

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
PAMELA GILBERT
507 C Street, N.E.
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)
jonc@cuneolaw.com
pamelag@cuneolaw.com

EMERSON POYNTER LLP
SCOTT E. POYNTER
500 President Clinton Ave., Ste. 305
Little Rock, AR 72201
Telephone:  501/907-2555
501/907-2556( fax)
scott@emersonpoynter.com

SCOTT KALISH CO., L.L.C.
D. SCOTT KALISH
1468 West 9th Street, Suite 405
Cleveland, OH  44113
Telephone:  216/502-0570
scottkalishcollc@cs.com

Attorneys for Plaintiff

00032051

8

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 30, 2011.

                                                s/ Timothy G. Blood

BLOOD HURST & O'REARDON, LLP
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

00032051