UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES GEMELAS, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE DANNON COMPANY, INC.,<br><br>    Defendant. | No. CV-08-236<br><br><u>CLASS ACTION</u><br><br>JUDGE DAN A. POLSTER |

**DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL UNOPPOSED REQUEST FOR ATTORNEYS' FEES AND SUPPLEMENTAL REQUEST FOR EXPENSES**

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II
600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH  44113
Telephone:  216/931-7000
216/931-9925 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
SCOTT D. SIMPKINS
DAVID M. CUPPAGE
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH  44113
Telephone:  216/621-8484
216/771-1632 (fax)

I, TIMOTHY G. BLOOD, declare as follows:

1.  I am the managing partner of the law firm of Blood Hurst & O'Reardon, LLP. My firm serves as one of Class Counsel for the Plaintiff in the above captioned Litigation as well as the Plaintiffs in the related actions.[1]  Since June 8, 2010, my firm has played the primary role in litigating against the "professional" objectors, addressing the various and numerous issues relating to the administration of the settlement, addressing issues relating to implementation of the subsequent settlements in which Dannon entered with various state Attorneys General and the Federal Trade Commission, designing the *cy pres* distribution program and interacting with the *cy pres* recipient, Feeding America, and defendant concerning the *cy pres* plan.  I have personal knowledge of the matters set forth and if called as a witness, would be competent to testify to them.

2.  I have acted as lead counsel in the Dannon Lawsuits since before the first action was filed on January 23, 2008 to the present.  The details of the work involved in litigating and settling the Dannon Lawsuits - from the pre-filing investigation, up to the time Plaintiff filed his brief in support of final approval of the class action settlement - is set forth fully in my declaration filed on June 9, 2010.  D.E. No. 67-1.  This declaration addresses the work performed by my firm and other Plaintiff's Counsel since June 2010 to the present.

3.  My firm and other Class Counsel prepared for and traveled to the Final Approval Hearing.  I was the counsel selected to speak for Plaintiff and the Class at the hearing.  After the Final Approval Hearing held on June 23, 2010, the Court approved the settlement, overruled the objections filed by the professional objectors, and entered judgment.  Though the objections had been overruled, the Court said that it would consider an application for attorneys' fees by counsel

---

[1]  All capitalized terms not defined herein have the meanings set forth in the Stipulation of Settlement dated January 21, 2010, as further amended on May 20, 2010.  D.E. Nos. 42 and 54 respectively.

for objectors, permitting also the submission of opposition briefs by the Parties.  Plaintiff opposed the request for attorneys' fees and expenses sought by the Palmer, Cochran and Nelson objectors on the bases that: (i) the objections did not substantially improve the settlement; (ii) certain counsel were seeking fees for objections not actually made; (iii) the amount sought was unreasonable as the 1.5 multiplier sought by the objectors' counsel was higher than would be awarded to Plaintiff's Counsel; and (iv) the request for incentive awards for the objectors was not supported by case law nor any other authority.  D.E. No. 83.  Ultimately, the objectors' motion for attorneys' fees were withdrawn, though they received some payment from the settlement fund.  D.E. Nos. 99, 100.

4.  Three groups of objectors also appealed the Court's Judgment, Final Order and Decree.  D.E. Nos. 78-80.  In response, my firm prepared and filed a motion for a bond to secure the payment of costs and attorneys fees on appeal, supported by declarations and exhibits, with some input from some of Plaintiff's Counsel.  D.E. No. 87 and 87-1 through 87-13, 95.  In conjunction with the appeal bond motion, Class Counsel also sought expedited discovery from objector Clyde Padgett concerning his financial ability to post a bond.  On August 31, 2010, the Court granted Plaintiff's motion for an appeal bond in the amount of $275,000 and ordered expedited discovery to be produced by objector Padgett.  Ultimately, with the Court's further assistance, all appeals were voluntarily dismissed and the settlement moved into the implementation phase.  D.E. Nos. 101-103.

5.  As a result of work I performed with the FTC during the litigation, many of the Attorneys General as well as the FTC began investigations of the claims made by Plaintiff against Dannon.  Ultimately, Dannon entered into consent judgments with the FTC and 39 Attorneys General involving injunctive relief in the form of labeling changes to the Dannon

products at issue in the Dannon Lawsuits.  As a result, my firm became involved in amending the injunctive relief provisions of the stipulation in order to align them with the above referenced consent judgments, while not materially changing the injunctive relief provisions of the class action settlement that counsel had worked so hard to obtain.

6. Beginning shortly after final approval of the settlement, my firm and I began overseeing the work of the Class Action Settlement Administrator ("Administrator") to ensure that Class Members' questions were quickly and properly answered, that claims were properly reviewed, and that follow-up information was obtained from the Class Member if needed.  In addition, attorneys at my firm directly responded to hundreds of Class Members that contacted us by telephone, mail and email with questions and comments about the settlement and claim process.  In the course of overseeing the claim review, Class Counsel took the position that approximately 22,600 claims had been improperly rejected in whole or in part by the Administrator or at a minimum required further review.  The Parties and the Administrator discussed these claims and determined that the initial rejection of the claims by the Administrator was improper and that these claimants should each receive $15.  Dannon has indicated its agreement to the additional payment of approximately $340,000 to Class Members.

7. Once all eligible Class Members have been paid, the money remaining in the Settlement Fund will be distributed to a charity under *cy pres* principles.  Stipulation, §IV. A.  The parties jointly proposed that the *cy pres* charity should be the organization called "Feeding America."  I investigated Feeding America by conducting research about the organization and personally interviewed Feeding America's counsel and corporate secretary and a number of its employees.  Based on this work, Class Counsel believe Feeding America is an outstanding *cy pres* recipient.  My firm and I thereafter worked closely with Feeding America's counsel and

corporate secretary, Andrea Yao, to craft a Distribution Plan so that the Product Donations would be based on the charity's current needs.  The detailed Distribution Plan specifies the timing, size, delivery location, and product varieties to be donated based upon Feeding America's capacity, needs, and distribution capabilities, while fulfilling the mandate of a *cy pres* distribution in a nationwide class action to ensure that *cy pres* benefits are distributed throughout the country, and not disproportionately concentrated in any geographic area.  In addition, consultation with Dannon and Feeding America made clear that the products to be donated should be expanded to include all commercially sold Dannon dairy products in order to best meet Feeding America's goals and needs.

8. From June 8, 2010 through June 29, 2011, the total hours spent by my firm on the Dannon Lawsuits are 326.25.  The hourly rates shown below are the usual and customary rates charged for each individual in all of our cases.  These rates are charged in both our contingent fee work, as well as our hourly work.  The total lodestar amount based on my firm's rates is $188,873.75.  A breakdown of the lodestar is as follows:

| Name | Hours | Rate | Lodestar |
|---|---|---|---|
| Timothy Blood (Managing Partner) | 134.00 | $695 | $93,130.00 |
| Leslie Hurst (Partner) | 67.75 | $585 | $39,633.75 |
| Tommy O'Reardon, II (Partner) | 94.00 | $510 | $47,940.00 |
| Tiffaney Bailey (Attorney) | 4.00 | $320 | $1,280.00 |
| Paralegals | 26.50 | $260 | $6,890.00 |
| **Totals** | **326.25** | | **$188,873.75** |

9. From June 8, 2010 through June 29, 2011, my firm incurred a total of $4,779 in expenses. The expenses pertaining to this case as shown below are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records and other documents, and are an accurate record of the expenses. The expenses reflected were necessary to the representation of the Class and are all the type of expenses that my firm customarily charges to its clients.

| Expense Category | Total |
| --- | --- |
| Meals, Hotels & Transportation | $3,748.21 |
| Photocopies | $808.15 |
| Messengers/Delivery | $59.61 |
| Lexis, Pacer, Online Research | $119.28 |
| Telephone, Hosted Conference Calls | $43.75 |
| **Totals** | **$4,779.00** |

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 30th day of June, 2011, at San Diego, California.

BLOOD HURST & O'REARDON LLP
TIMOTHY G. BLOOD

       s/Timothy G. Blood
By:   TIMOTHY G. BLOOD

00030959

5

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 30, 2011.

s/  Timothy G. Blood

BLOOD HURST & O'REARDON, LLP
600 B Street, Suite 1550
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com